HEZEKIAH J. HOWE, GEORGE H. RICHARDS AND JOHN
DEARMOND v. MARY JANE LEMON AND
HENRY LEMON.

*Discontinuance—Writ of assistance—Entitling.*

A discontinuance as to a deceased party is needless.

Matter set up in defense to a motion for a writ of assistance cannot be
received to affect the decree determining the defendants' rights.

Where proceedings by writ of assistance were taken on the foot of a fore-
closure decree against a wife, leave being given to discontinue as
against the husband, the objection that the papers were wrongly
entitled in the names of both defendants was held a mere techni-
cality, especially where it was not clear from the record whether the
order of discontinuance had been entered.

Appeal from Berrien.   Submitted January 12.   Decided
January 25.

FORECLOSURE.   Defendant appeals from order allowing
writ of assistance.   Affirmed.

*O. W. Coolidge* and *E. M. Plimpton* for complainants.

*Edward Bacon* for defendant appellant.   An affidavit
for a writ of assistance is void if entitled in the name of the
defendants in the original suit after one of them has died :
*Whipple v. Williams* 1 Mich. 115 ; *Arnold v. Nye* 11
Mich. 456.

CAMPBELL, J.   This is an appeal from an order allowing
a writ of assistance against Mary Jane Lemon.   A decree
was made in the circuit court for the county of Berrien for
the enforcement against her of a contract adjudged to have
the effect of a mortgage, and for a sale on default.   This
decree was affirmed by this court in all respects except as to
personal liability for any deficiency.   *Howe v. Lemon* 37
Mich. 164.   It was there intimated that she was the only
party interested, and that there was no need of making

Henry Lemon a party, and leave was granted to discontinue against him.   It may be gathered that he has been dead for some time, so that in fact no discontinuance was necessary; and we cannot tell from the record whether this has been formally entered or not.

A sale was made and upon a confirmation of the report, and demand of possession with the proper evidences of right, Mrs. Lemon refused to give it up, and a writ of assistance was asked for and granted.   The objection that the papers are no longer properly entitled in the name of both defendants is a mere technicality.   It serves sufficiently to identify the case; and it is at least questionable under the record which she has brought here and presented for our consideration, whether the case has any other title as yet.   The appeal papers are all entitled in the same substantial way, and we do not think the objection deserves attention.

The objection that the filing and confirmation of the report does not appear is contradicted by the record.

The matter set up in defence to the motion cannot be received to affect the decree which determined her rights and obligations.

The order must be affirmed with costs.

The other Justices concurred.