THE LAWYERS' CO-OPERATIVE PUBLISHING COMPANY, APPELLANT, VS. W. H. BENNETT ET AL., APPELLEES.

1. An agreement between parties to a suit in chancery, "to submit the case to the court on the bill and answer and affidavits attached herewith," construed to be an agreement to consider the affidavits mentioned as evidence in the case.

2. A plaintiff in an execution at law has a right to control the same, and direct what proceeding shall or shall not be taken thereunder, and the wishes and instructions of such plaintiff when made known to the officer holding the writ should at all times be respected and obeyed.

3. Fifteen dollars is a grossly inadequate price, at a public judicial sale, for land worth three hundred and fifty to four hundred dollars.

4. The general rule is that mere inadequacy of price alone is not sufficient to set aside a judicial sale, where such inadequacy is connected with or shown to result from any mistake, accident, surprise, misconduct, fraud or irregularity, the sale will generally be set aside.

5. Where a plaintiff in execution instructed a sheriff to postpone the sale of land levied upon for several months, which instructions the sheriff neglected to communicate to his deputy, and the deputy, during the absence of the sheriff from the State, before the expiration of the postponement, without the knowledge or further instruction of the plaintiff, sold said land at public sale for a grossly inadequate price, such sale should be set aside on a bill filed for that purpose.

6. This court will not consider an alleged ruling of the court below which does not appear in the transcript of the record, and is not alleged to appear of record below, upon an agreement of counsel that such a ruling was made.

7. In this case where neither the complainant nor the purchasing defendant are in any way at fault, but the litigation has arisen solely on account of the negligence of the sheriff, who is also a party defendant to the bill of complaint, such sheriff should be taxed with all the costs of court.

Appeal from the Circuit Court for Orange county.

The facts in the case are stated in the opinion of the court.

*Beggs & Palmer* for Appellant.

*J. M. Cheney* for Appellees.

LIDDON, C. J. :

The Lawyers' Co-operative Publishing Company, a corporation, brought a suit in equity against W. H. Bennett and J. C. Anderson, as sheriff of Orange county, on November 6th, 1889. The bill alleged substantially that an execution issued out of the Circuit Court of Orange county on April 27th, 1889, upon a judgment obtained August 21st, 1888, by the complainant against one J. H. Allen, and was levied upon a tract of land described therein. That this levy was made in pursuance of an agreement between the complainant and said Allen, that such levy should be made, but that no sale should be made thereunder until November or December, 1889, as an earlier sale would be a great hardship upon the said Allen because of a scarcity of purchasers and money in the county. That the land was by the complainant and said Allen estimated to be worth at least $300. That an extension

of time in accordance with said agreement was granted said Allen by the complainant for the payment of said judgment, which amounted to $190.08, and that said Allen left the State of Florida, trusting in the complainant to carry out the said agreement. That the sheriff was at the same time he was instructed to levy the execution, also instructed by the complainant's attorney not to advertise the land levied upon for sale until such further time as he might be directed by the complainant's attorney, the said sheriff J. C. Anderson being at the same time informed of the agreement of extension aforesaid. That said sheriff left the State on a trip to Georgia, and was absent for some time, leaving the duties of his office in the hands of S. S. Puckett, deputy sheriff; that said sheriff forgot to repeat the instructions aforesaid to said deputy, and said deputy finding the execution in the office with the levy endorsed thereon, advertised the land for sale on the first Monday in September, 1889. That the said complainant and its attorneys knew nothing of this sale or advertisement until about October 10th; that the attorneys for complainant were arranging to have the sale take place on the first Monday in December, 1889, in accordance with the agreement with said Allen as aforesaid when they were informed by said deputy sheriff that the land had already been sold on the first Monday in September by said deputy, to the defendant W. H. Bennett; that said defendant had not obtained a deed to said land, but had deposited the purchase money in the sheriff's office. That the complainant's attorneys and said sheriff at once called upon said defendant, and the aforesaid agreement and facts connected therewith were talked over, and an agreement was then made between said Bennett and the complainant's attorneys in reference to certain instructions

JUNE TERM, 1894. 305

Lawyers' Co-operative Pub. Co. v. Bennett et al.—Opinion of Court.

to the sheriff, which instructions were as follows: That said sheriff should not make any deed to said land until the sale and the facts claimed to be true by the complainant's attorneys and said sheriff should be put before the court, this agreement being made to save costs and expenses, and that said bill of complaint was brought in pursuance of said agreement.

The bill further alleged that the land sold was worth $350 to $400; that $15 was a grossly insufficient price for the same, and that said J. H. Allen was wholly insolvent and had no other property out of which the aforesaid judgment could be satisfied. The prayer of the bill was that the said sale to the defendant be vacated and set aside, and declared null and void, and for general relief; also for temporary injunction against the defendant Anderson, as sheriff, to restrain him from making a deed to the defendant for said land.

A number of affidavits appear in the record, as attached to the bill of complaint and filed therewith. One of these affidavits was by the defendant J. C. Anderson, sheriff, and supports the material allegations of the bill in regard to the levy and instructions given him by the complainant's attorneys not to sell the land levied upon until some time mentioned not definitely named; that he left the execution in his office and left for Georgia on a visit and did not return until about October 12th, when he learned that the land had been sold by his deputy in his absence; that the affiant had forgotten to mention the instructions to his deputy, and the land was sold by mistake. This affiant also stated that the agreement was made between the complainant's attorneys and the defendant Bennett that no

deed should be made until the facts were put before the court and a ruling had thereon.

W. L. Palmer, one of complainant's solicitors, also filed an affidavit supporting the material allegations of the bill of complaint and fixing the date of the levy upon the land therein alleged as July 23rd, 1889. The affidavit of S. S. Puckett, deputy sheriff, confirmed the allegations of the bill of complaint as to sale of the land by him; and further stated that he had no instructions to sell the land, that he had sold as a matter of course, finding the execution with the levy endorsed thereon in the sheriff's office. He further stated that he made diligent search for the attorneys of the complainant on the day of the sale, but was informed that neither of them were in town; that other smaller bidders were at the sale and bid upon the property. The affidavits of various parties were taken as to the value of the land. Henry S. Chubb testified that it was worth $300 or $400. T. H. Ewans and P. Clippinger testified that it was worth $10 or $15 per acre, there being about 35 acres in the tract. W. R. Speir and J. S. Rogers testified that it was worth $20 per acre. The defendant Bennett demurred to this bill of complaint, but the demurrer was overruled; after which, on the 3rd day of December, 1889, he filed his answer. The answer admits the sale of the land, and the purchase by that defendant, and alleges that he (said defendant) had no knowledge or information on the day of said sale that any instructions had been made to the sheriff, and that his only information upon such subject was the allegations of the bill of complaint; that the agreement alleged in the bill of complaint between the complainant and said J. H. Allen were void as to said defendant, because prior to the making of the alleged

agreement on June 17th, 1889, the said J. H. Allen had sold and conveyed the land in question to the said defendant, in partial settlement of indebtedness due by said Allen to said defendant, and that therefore the said Allen had no interest in a title to said land at the time he made said agreement with the complainant. Said answer alleged that the deed of conveyance of said Allen to said defendant was duly recorded July 5th, 1889. The original deed was annexed to said answer and made an exhibit thereof. The defendant also denied "that the said land *was worth on the day of said sale the sum of $350 or $400, but, on the contrary, alleges that on the day of said sale* the said land could not have been sold at public sale for exceeding the sum realized at said sale, and that the price realized at said sale was not grossly insufficient, and that the complainant was not wronged, because he still held open and unsatisfied the balance of the judgment after applying proceeds of said sale thereto. That the sale was conducted fairly; that other bidders were present, and bid upon the property, and that defendant bought the property for the purpose of strengthening the title he already had thereto. That at the time of the alleged agreement between the complainant and said Allen the complainant had full knowledge that the defendant was the owner of the land, and that said Allen had no title thereto, and that the defendant had no knowledge of the agreement between the complainant and Allen. The answer further alleges that Allen at the time of the sale and conveyance to the defendant represented his title as good and indefeasible and free from all liens and incumbrances; that the first notice the defendant had of the levy and sale was accidental from seeing the advertisement of sale in a newspaper, and that he did not until some

time after the said sheriff's sale have any knowledge of the agreement or instructions given the sheriff, as alleged in the bill of complaint. The answer denies that complainant had no notice or knowledge of the sheriff's sale, for the reason that the advertisement in the newspaper was notice to the world, and fixes the complainant with knowledge of the same. A copy of the advertisement of the sheriff's sale and the original deed of Allen to the defendant, dated June 17th, 1889, were attached to this answer as exhibits thereto.

. On the same day that the answer was filed the solicitors for the respective parties made an agreement in writing "to submit * the * case to the court on the bill and answer and affidavits attached therewith." It is not entirely clear from the record what was the exact purpose and intention of this agreement, but upon consideration of the action of the parties and the court in reference thereto, we are constrained to the opinion that it was its purpose to consider the affidavits filed evidence in the case. It is upon this view of this agreement that our conclusions are reached in this case. The case being heard, the court dismissed the bill of complaint, and the complainant appeals.

In this case it clearly appears that the sale which is sought to be vacated was made against the wishes and instructions of the plaintiff in execution. The writ of execution was issued for the benefit of the plaintiff, it had a right to control and direct what proceedings should or should not be taken thereunder, and its wishes and instructions when made known to the officer holding the writ should at all times have been respected and obeyed. Freeman on Executions (2nd ed.), vol. 1, sec. 108; Rorer on Judicial Sales, sec. 1086. The

sheriff neglecting to make known the instructions of the plaintiff to his deputy, he (the deputy) proceeded to advertise and sell the property levied upon, and at such sale taking place without the knowledge or presence of and contrary to the direction of the complainant or its attorneys, the property shown by the evidence to be worth $350 or $400 was sold to the defendant for $15. This sum was a grossly inadequate price for the land. It is claimed upon the part of the appellees that a court of equity can not set aside a judicial sale for the inadequacy of the price realized for the property. The general rule appears to be that inadequacy of price alone is not sufficient to set aside a judicial sale, unless, perhaps, as has been sometimes said, it is so gross as to create the presumption of some fraudulent practice for which the purchaser is responsible. On the other hand, the rule universally prevails, that where the inadequacy can be connected with or shown to result from any mistake, accident, surprise, misconduct, fraud or irregularity, the sale will generally be vacated. 2 Freeman on Executions (2nd ed.), sec. 309, and authorities cited. In this case it sufficiently appears that the inadequacy of price was the result of the negligence of the sheriff to communicate the instructions of the plaintiff to his deputy, and that the sale was made through such mistake or misunderstanding. Because otherwise the plaintiff or its attorneys, interested in seeing this land bring the amount of its judgment, would have been present, and it is reasonable to believe that they could have prevented such a sacrifice. Authority is abundant and uniform to the effect that where the inadequacy of price at a judicial sale is the result of some mistake or misunderstanding, especially if such mistake or misunderstanding be that *of the officer* selling, and

where the party interested has been thereby prevented from attending the sale, it will be set aside.  Rorer on Judicial Sales; secs. 1095, 1096, 1101; Brown vs. Frost, 10 Paige, 243; Collier vs. Whipple, 13 Wend., 224; King vs. Platt, 37 N. Y., 155; American Insurance Company vs. Oakley, 9 Paige, 259; Wetzler vs. Schaumann, 24 N. J. Eq. (9 C. E. Greene). 60; Seaman vs. Riggins, 2 N. J. Eq. (1 Greene), 214; Howell vs. Haster, 4 N. J. Eq. (3 Greene), 266; Kloepping vs. Stellmacher, 21 N. J. Eq. (6 C. E. Greene), 328; Demaray vs. Little, 19 Mich., 244.

Counsel in this case have, by an agreement filed in this court, sought to have us pass upon alleged rulings of the court below which do not appear in the transcript of the record filed, and which are not even claimed to appear of record in the court below.  The matter set up in the agreement really contradicts the transcript of the record before us.  We can not consider a matter presented to us in this manner.

We think it useful to note another point in this case, though perhaps not strictly raised by the record before us, as it may save further litigation.  This is a case where neither the complainant nor defendant Bennett can be charged with any wrong.  The plaintiff had a perfect right to postpone the sale under his execution, and the defendant is an innocent purchaser without knowledge of the instructions given by complainant to the sheriff.  The only person guilty of any laches or negligence is the sheriff in not communicating the complainant's instructions to his deputy.  This negligence of the sheriff has been the sole cause of this litigation.  It is not right that the other parties should be taxed with any costs where they were not at all at fault, but all the costs to date, including the costs of the appeal in this court, should be paid by the sheriff.

Kloepping vs. Stellmacher, 21 N. J. Eq. (6 C. E. Greene), 328; Williamson vs. Dale, 3 Johns. Chy., 290.

For the reasons stated the decree is reversed and the cause remanded for further proceedings not inconsistent with this opinion.