M. B. MACFARLANE, APPELLANT, v. D. S. MACFARLANE, JESSE H. DORSEY AND EMILY C. DORSEY, APPELLEES.

1. Where real estate has been sold by a Master under and in pursuance of a decree in chancery, and an order made confirming the sale and granting a writ of assistance to put the purchaser in possession, a party who purchased the property at the same and who has paid the amount of his bid and has been put in possession, is a necessary party to a proceeding instituted to set aside the sale or

vacate the order of confirmation, and orders vacating such sale and setting aside the confirmation made without notice of such proceedings to such a purchaser are erroneous.

2. Where in a timely application to a court of equity to set aside a sale of real estate, made by its Master in a chancery cause, and in the application it is shown that the property sold is located in the city of Tampa, where several newspapers are published, and the notice of sale is published by the Master making the sale in a newspaper published in the town of Plant City, twenty miles distant from Tampa, and it is alleged that the newspaper in which the advertisement was published had a small circulation in the city of Tampa, and that the advertisement was thus published in order that neither the defendants interested in the property nor the public should have notice of the sale, and that the property might be sold for less than its value, that the price bid for the property and for which it was sold was greatly inadequate, and these facts are not contradicted, there is such an element of unfairness in the method of advertising and selling the property, as coupled with the inadequate price requires that the sale should be set aside.

This case was decided by Division B.

Appeal from the Circuit Court for Hillsborough County.

STATEMENT.

A branch of this case was before this court at the January Term of this year, and our decision is reported in 38 South. Rep. 512. From the facts therein stated and also stated in the record now before us, M. B. Macfarlane, on the 6th of June, 1904, became the purchaser of certain real estate in the city of Tampa, sold under a final decree in favor of cross-complainant D. S. Macfarlane in

the foreclosure suit of E. J. Hills v. J. H. Dorsey, et al., brought in the Circuit Court of Hillsborough county, which decree is dated the 13th of April, 1904. On the motion of the Dorseys this decree was set aside by the Chancellor on the 20th of July, 1904, and after the sale to M. B. Macfarlane. An appeal without a supersedeas was taken by D. S. Macfarlane from the order setting aside said decree, and this court reversed the said order, and our opinion and decision is reported in the 38 South. Rep. *supra.*

The master's report of the sale filed June 17, 1904, set forth the notice of the sale, with proof of publication in the Plant City Courier, a weekly newspaper published in Hillsborough county, and that at the consequent sale of the property so advertised, M. B. Macfarlane was the highest and best bidder therefor at the bid of one hundred dollars, which had been paid.

On December 30th, 1904, M. B. Macfarlane, the purchaser, filed a petition in said cause asking for a confirmation of the sale, and for a writ of assistance to put him in possession of the premises. On January 4th, 1905, D. S. Macfarlane filed an answer to said petition admitting the regularity of the sale, that M. B. Macfarlane was the highest and best bidder for the premises sold, that he was a purchaser for value, that the sale was for cash, that the amount had been received, that the master's report was true in every respect, that it was filed on the 17th of June, 1904, and no exceptions were filed or taken thereto by either complainants or defendants, that the sale was regularly conducted and bona fide, and admitting all the allegations of the petition.

On the 8th of May, 1905, the Dorseys filed an answer to the petition of M. B. Macfarlane in the following words:

"Now comes J. H. Dorsey and Emily C. Dorsey, his wife, and for further answer to the petition of M. B. Macfarlane filed in this cause on December 30th, 1904, asking for an order of this court to confirm the sale of the property in said petition described, made by one H. R. Williams, Master in Chancery, on the first Monday in June, A. D. 1904, say: That the said sale ought not to be confirmed for the following reasons, to-wit: That these defendants, J. H. Dorsey and Emily C. Dorsey, his wife, were at the time of the said sale, and the advertisement of the same, the owners and in possession of the property in said petition described, but that they were temporarily absent from the city of Tampa, and had no knowledge of said sale, or that their property was advertised for sale. That said advertisement of said sale was not published in any of the papers, either daily or weekly, which are published in the city of Tampa, and that said property is situated in the city of Tampa, but that the said advertisement of said sale was published in the Plant City Courier, a weekly newspaper published in Hillsborough county, but these defendants say that it was published more than twenty miles away from the city of Tampa in the village of Plant City, and that the said newspaper had a very small circulation, if any, in the city of Tampa, where the property was situated.

These defendants further say that the property so advertised in the Plant City Courier was of great value, to-wit: about the value of fourteen thousand dollars, and that it was sold for the sum of one hundred dollars by the master in chancery, H. R. Williams; that these defendants never saw the advertisement of said sale, and did not know until long after the said sale, to-wit: on or about December, 1904, that said property had been advertised and sold. That these defendants further say that

said advertisement was not a proper notice of a judicial sale, and was published in the Plant City Courier in order that neither of these defendants, nor the public should have notice of said sale, and for the purpose of permitting the complainant, D. S. Macfarlane, or his attorney or agents to bid in the property at much less than its value, and get title thereto, and that the said sale is a fraud upon the court, and upon the rights of these defendants, and that the price obtained for said property was inadequate and insufficient, and not such a price as would have been obtained had the property been properly advertised in the city of Tampa, in which city the property is located, and in which city there are published three daily newspapers of large circulation. And therefore these defendants say that the petition of M. B. Macfarlane for the confirmation of said sale should be denied, and that said sale should be set aside as illegal and fraudulent.

The answer was sworn to by J. H. Dorsey.

On the hearing of the petition on the 17th of May, 1905, affidavits of several real estate experts were filed as to the value of the property, placing it at $7,500, and upwards, and the Chancellor made the following order of confirmation: "The foregoing petition and the answer thereto being duly considered by the court together with the affidavits submitted to the court as to the value of the property, and it being considered by the court that no valid or sufficient cause has been shown why the sale should not be confirmed, it is therfore ordered and decided that the prayer of the petition be granted, the sale confirmed, and a writ of assistance awarded to put the purchaser, M. B. Macfarlane in possession of the property. Done and ordered this 17th day of May, A. D. 1905. J. B. Wall, Judge."

On the same day the foregoing decree was made a writ of assistance was issued, though it does not appear that any previous demand for the posession of the premises had been made and refused. The writ of assistance was executed on the same day it was issued and M. B. Macfarlane put in possession of the property which he had purchased.

On the 19th of May, 1905, the Dorseys filed motions to vacate the order confirming the sale and granting the writ of assistance. On the same day, and without notice, to M. B. Macfarlane, the Chancellor denied these motions.

On the 20th of May, 1905, the Dorseys filed a petition to vacate and set aside the sale made by the master on the 19th of May, 1904, offering to redeem the property and to pay the debt due, D. S. Macfarlane with interests and costs. On the 29th of May, 1905, this petition was heard, and so far as this record shows, without notice to M. B. Macfarlane or other parties, and the Chancellor made the following order: "Upon consideration of the foregoing petition it is ordered that upon the payment to D. S. Macfarlane, or in case he should refuse to receive it on the payment into the registry of the court of the full amount of the decree in the case of D. S. Macfarlane v. Jesse H. Dorsey and Emily C. Dorsey with the accrued interest and costs including the cost of sale within ten days from date the order of the court confirming the sale and awarding a writ of assistance be vacated, and the possession of said property awarded to the defendants, Jesse H. Dorsey and Emily C. Dorsey. May 20th, 1905. J. B. Wall, Judge."

On the 25th of May, 1905, the Dorseys filed another petition setting up, among other things, that D. S. Macfarlane and M. B. Macfarlane were out of the State of Florida; that Solon B. Turman, Solicitor of D. S. Macfar-

lane would accept the amount due him, but that he, Turman, had no authority to represent M. B. Macfarlane, nor had any other person, so far as petitioners were informed; that the former order be modified so that petitioners might bring the money into court to satisfy the decree of D. S. Macfarlane, and that thereupon the sale by the master be vacated, and D. S. Macfarlane or his solicitor to take said money out of the registry only when they shall have delivered possession of the property to petitioners together with a quit claim deed from the purchaser M. B. Macfarlane, or in the event that M. B. Macfarlane should insist on his rights as a purchaser, that the money remain in the registry of the court until after adjudication of the rights of the parties. Without notice to M. B. Macfarlane or any other party so far as the record shows, on the 25th of May, 1905, the Chancellor made the following order on hearing said petition: "The prayer of the foregoing petition is hereby granted and it is ordered that J. H. Dorsey do pay into the registry of the court the full amount of the decree of D. S. Macfarlane against J. H. Dorsey et uxor, with interest and costs, that upon the delivery to the said J. H. Dorsey and Emily C. Dorsey of the premises in question free and clear of the incumbrance of the decree and sale thereof to M. B. Macfarlane then the said D. S. Macfarlane or his solicitor be authorized to withdraw said money from the registry of the court and satisfy said decree. It is further ordered that should the said M. B. Macfarlane refuse to deliver up said premises to J. H. and Emily C. Dorsey free and clear of the incumbrance of the sale the master's deed then the petitioners be authorized to withdraw said money from the registry of the court pending the further order or decree of the court herein. Done and ordered this 25th day of May, A. D. 1905. J. B. Wall, Judge."

*Macfarlane & McKay,* for Appellant.

*Gunby & Gibbons* and *Wm. Hunter,* for Appellees.

HOCKER, J., *(fter stating the facts.)*  M. B. Macfarlane appealed from the order of the 20th May, 1905. vacating the previous order confirming the sale, and also from the order of the 25th May, 1905, and assigns as error  here that the Chancellor erred in each  of  said orders,  and amongst others makes the  contention  that they  are erroneous because he had no  notice that such  orders would be applied for.  The record sustains the contention.  It does not appear that he was given any notice. He was  the  purchaser at  the sale  and  had paid  to the master the amount of his bid, and the sale had been confirmed by the court.  He was a necessary party to any proceeding instituted to set aside or vacate the  order of confirmation.  17 A. & E. En. Law (2nd ed.) 996 and authority cited in note 5.  The orders from which he  appealed are therefore erroneous.

The appellees also assign as error in substance:  1st. That the court had no jurisdiction to render the decree confirming the sale and issuing a writ of assistance on the 17th May, 1905; and, 2nd, that the court erred in rendering said decree, and also others not  necessary to  be considered.

The petition of M. B. Macfarlane for a confirmation of the sale and a writ of assistance was brought in by him for a hearing on the 17th May, 1905.  His petition was resisted by the Dorseys, who filed a sworn answer thereto, also certain affidavits tending to show that the property had been sold at very much less than its value.  The answer of the Dorseys attacked the bona fides of the sale on
37 S. C.

several grounds, among them that the advertisement of the property was not made in any one of the several newspapers published in the city of Tampa where the property is located, but in a weekly newspaper published in the town of Plant City, twenty miles distant from Tampa, and having a small circulation in Tampa. That this property was of great value, to-wit: $14,000, and sold for $100.00; that they never saw the advertisement, and did not know of the sale until about December 1904; that this publication was made in the Plant City paper in order that neither the Dorseys nor the public should have notice of the sale, and for the purpose of permitting D. S. Macfarlane or his agents to bid on the property at less than its value; that the price was inadequate and insufficient and is not such a price as the property would have brought if it had been advertised in a Tampa paper, in which city there were three daily papers of large circulation. Several affidavits were filed by the Dorseys, tending to show that the property at the time of the sale was worth seven or eight thousand dollars. M. B. Macfarlane did not meet this attack by any denial of the statement made in either the answer of the Dorseys or the affidavits, under which the petition for confirmation was acted on and granted. It is true that the record of the case before the Chancellor showed that when the sale was made the bill for the foreclosure of a mortgage on the property involved for over $3500.00, filed by the original complainant Hills was still pending. But the record also showed that D. S. Macfarlane in his answer to said bill was claiming that this mortgage had never been properly recorded and that he was an innocent purchaser or judgment creditor, without actual notice of the mortgage. This defense had not been heard or disposed of.

These were the circumstances when the petition for confirmation was presented and acted on.

In the case of The Lawyers' Co-Operative Pub. Co. v. Bennett et al 34 Fla. 302, this court laid down the generally accepted doctrine that mere inadequacy of price alone is not sufficient to set aside a judicial sale, but when such inadequacy is connected with or shown to result from any mistake, accident, surprise, misconduct, fraud or irregularity the sale will generally be set aside. In that case a bill was filed to set aside a sale under an execution which issued on a judgment at law. In the case at bar the sale was made in a chancery cause, where in a certain sense, the sale is made through its agent or agents by the court itself, which has the power to prescribe the time, manner and conditions of the sale, when these matters are not controlled by statute. It is said by some courts that a sale by the Sheriff under a common law execution is a ministerial act, but a sale in a chancery cause is a judicial one, usually not complete until the sale has been confirmed. Rorer on Judicial Sales, Sec.'s 7 to 46 inclusive. See McGregor v. Kellum decided at this term. There is no question but it is the right and duty of the chancery courts to exercise a supervision of their process and to protect parties from all fraud, unfairness and imposition in their execution. Rorer on Judicial Sales, Sec.'s 394 to 398. In the case of Schroeder v. Young, 161 U. S. 334, the Supreme Court of the United States enounce the rule that while mere inadequacy of price has rarely been held sufficient in itself to justify setting aside a judicial sale of property, courts are not slow to seize upon other circumstances impeaching the fairness of the transaction as a cause for vacating it, especially if the inadequacy be so gross as to shock the conscience. The court in its opinion repeats the views of

Justice Bradley in another case (Graffan v. Burgess, 117 U. S. 117-180) that it is not conclusive that the proceedings were regular and according to the forms of law.

Applying these principles to the case at bar, we are of opinion that the order confirming the sale and granting the writ of assistance made on the 17th May, 1905, was erroneous. The proof was uncontradicted that the notice of sale was published in a Plant City paper, more than twenty miles from the city of Tampa where the property was located; that it had little or no circulation in Tampa, and that this notice was thus published to prevent a fair sale of the property. Moreover, it appears that D. S. Macfarlane, who is a brother of M. B. Macfarlane, is perfectly willing to let this sale stand, though by it he apparently realizes nothing on a large judgment, which up to this time he had been very industrious to enforce. Granting that M. B. Macfarlane may eventually have to pay the Hills mortgage, he would still get the property for less than half its estimated value. If he does not have to pay the Hills mortgage he will get property worth $7500.00 or $8000.00 at the time of the sale for $100.00. We are of opinion, without meaning to reflect upon the integrity of any of the parties, that there was an element of unfairness in the method of advertising and selling the property, which, coupled with the inadequate price, demands that the order confirming the sale and ordering the writ of assistance dated the 17th May, 1905, be reversed. Inasmuch as appellant M. B. Macfarlane as appears from the record, has been put into possession of the property, and has presumably been receiving the rents and profits, it is ordered, adjudged and decreed that the Chancellor direct an accounting with the said M. B. Macfarlane, that upon such accounting he be allowed as a credit, the sum of one hundred dollars which amount he paid for the

property at the sale, and also taxes paid or any moneys paid for necessary repairs, and expenses, and that he be charged with the rents and profits during the time he has been in possession; and if there be any balance due from him that he be required to pay the same into the registry of the court, subject to its order; and further that possession of the property be restored to the owner where it must remain until ousted by proper proceedings.

The costs of this appeal will be taxed equally between the appellant and the cross-appellants, or appellees.

TAYLOR and PARKHILL, JJ., concur.

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.