WILLIAM A. KNIGHT, *Appellant,* v. CAM HODGE, *Appellee.*

1.  A final decree in an equity cause may not be set aside on motion made more than twenty days after its rendition.

2.  On an application for a writ of assistance objections will not be heard to affect the decree determining the rights of the parties.

3.  Where a party in whose favor a decree is rendered in a foreclosure proceeding and who has not assigned his rights in the decree is not made a party in a proceeding to vacate the order confirming the foreclosure sale the order may be reversed.

This case was decided by Division B.

Appealed from the Circuit Court for Marion County.

The facts in the case are stated in the opinion of the court.

*H. M. Hampton,* for Appellant;

*L. N. Green,* for Appellee.

PARKHILL, J.—In November, 1907, the Florida Fertilizer Manufacturing Company filed its bill of complaint in the Circuit Court for Marion County to foreclose a certain mortgage on real estate given by the defendant, Cam Hodge. After personal service on the defendant, a decree *pro confesso* was entered against him on the Rule Day in January, 1908. On the 19th day of October, 1908, a final decree was entered, by which a master was appointed to make a sale of said property. Under the terms of the decree, the master sold the property and executed a deed therefor to The Florida Fertilizer Manufacturing Company, and on the 10th day of December, 1908, the chancellor confirmed the sale. On August 20, 1910, William A. Knight, appellant here, having purchased the property from The Florida Fertilizer Manufacturing Company by quit claim deed, filed his petition for a writ of assistance against Cam Hodge, who had never surrendered possession of the property. Hodge filed an answer to the writ of assistance, and he filed a petition, also, to set aside the final decree of foreclosure and the special master's sale thereunder. Knight demurred to the petition and filed a motion to quash the answer. Finally, on April 27th, 1911, the court made an order denying the petition for writ of assistance, declined to go behind the final decree or vacate the same, but set aside the order confirming the sale of the property, allowed defendant to pay amount due by him under the final decree, and in default, directed the land to be advertised and sold in the usual manner. From this order Knight appealed.

We think the court was correct in refusing to set aside the final decree in foreclosure. Such decree could not be attacked by motion made more than twenty days after its

rendition. Mann v. Jennings, 25 Fla. 730, 6 South. Rep. 771. On application for a writ of assistance objections cannot be heard to affect the decree determining the rights of defendants. 4 Cyc. 297; Howe v. Lemon, 47 Mich. 544, 11 N. W. Rep. 379.

The court erred, however, in setting aside or vacating the previous order confirming the sale without notice to The Florida Fertilizer Manufacturing Company and without making that company a party to the proceeding. It does not appear that it was given any notice. That company was the purchaser at the sale, and had paid to the master the amount of its bid, and the sale had been confirmed by the court. It does not appear how much Knight paid the Manufacturing Company for the land, or how much the land was sold for at the master's sale. Knight only bought the land from the Manufacturing Company. The decree was not assigned to him. The Manufacturing Company owned and controlled the decree and would be entitled to receive the amount due by the defendant under the final decree if he paid the same under the order of the court made April 27th, 1911. The Manufacturing Company was a necessary party to any proceeding instituted to set aside or vacate the order confirming the sale to it. Macfarlane v. Macfarlane, 50 Fla. 570, 39 South. Rep. 995.

The order appealed from is reversed.

TAYLOR and HOCKER, J. J., concur;

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, J. J., concur in the opinion.