FLORIDA FERTILIZER MANUFACTURING COMPANY AND WILLIAM A. KNIGHT, *Appellants,* v. CAM HODGE, *Appellee.*

1. In judicial proceedings to foreclose a mortgage, the decree adjudging the equities and directing a sale of the property on default of payment, is the final decree in the cause. Orders confirming sales made under a foreclosure decree are merely steps taken in the enforcement of the final decree.

2. While a final decree may not be vacated after it becomes absolute under the rule, except under special circumstances, yet an order confirming a sale made under a foreclosure decree may be vacated upon appropriate proceedings duly taken.

3. Under the circumstances in this case there was no error in vacating an order confirming a sale under a foreclosure decree and requiring the enforcement of the decree by equitable means.

Appealed from the Circuit Court for Marion County.

The facts in the case are stated in the opinion of the court.

*H. M. Hampton,* for Appellants;

*L. N. Green,* for Appellee.

WHITFIELD, C. J.— The Florida Fertilizer Manufacturing Company foreclosed a mortgage given by Hodge on real estate, and, having purchased the land sold in the foreclosure proceedings, the company quit-claimed the same to William A. Knight while Cam Hodge, the mortgagor, was in possession of the property. The order confirming the sale was made December 10th, 1908. On August 3rd, 1910, Hodge being still in possession of the land filed a petition against Knight to set aside the decree of foreclosure and also the order confirming the sale of the property under the decree to the Florida Fertilizer Manufacturing Company, the mortgagee; but as the company was not made a party defendant in the petition, the order of the court vacating the sale was reversed. See Knight v. Hodge, 62 Fla. 516, 56 South. Rep. 942.

Subsequently the Florida Fertilizer Manufacturing Company was made a party to the petition to set aside the order confirming the sale. As the company failed to respond to the petition after service of process on it was made, a decree *pro confesso* was entered against it. Knight having demurrer to the petition, the court overruled the demurrer, and a decree *pro confesso* having been entered against the company, and counsel for Knight announcing that he would not plead further, an order

was made setting aside the sale under the foreclosure proceedings against Hodge and the Company and Knight appealed.

The contention here is that the proceedings to vacate the decree of foreclosure and the order confirming the sale made thereunder are not authorized by law, and that the appellants are not bound by the order setting aside the sale.

Before the last appeal was taken, the chancellor denied the application to set aside the final decree, and that action was affirmed here. Knight v. Hodge, *supra.*

The only question now is whether there is error in the order setting aside the sale and ordering another sale of the property to satisfy the decree if payment of the decree is not duly made.

In judicial proceedings to foreclose a mortgage, the decree adjudging the equities and directing a sale of the property on default of payment, is the final decree in the cause. Orders confirming sales made under a foreclosure decree are merely steps taken in the enforcement of the final decree. While a final decree may not be vacated after it becomes absolute under the rule except as indicated in City of Gainesville v. Johnson, 59 Fla. 459, 51 South. Rep. 852, an order confirming a sale made under a foreclosure decree may be vacated upon appropriate proceedings duly taken. Macfarlane v. Macfarlane, 50 Fla. 570, 39 South. Rep. 995; Lawyers' Co-Operative Pub. Co. v. Bennett, 34 Fla. 302, 16 South. Rep. 185.

The petition to set aside the sale in this case was filed nearly two years after the confirmation of the sale made in the foreclosure proceedings, but the petitioner mortgagor has been in possession of the property holding adversely. The petitioner in effect alleges that he is a

colored man with little education and no knowledge of legal proceedings; that he resides on the premises and makes his living therefrom; that on learning of the institution of the foreclosure proceedings, he went to an attorney for advice, stating that he would pay the indebtedness if given time, and understood the attorney to say that no further proceedings would be taken and that it would not be necessary for petitioner to appear in court in the cause; that thereafter petitioner knew nothing of the foreclosure proceedings resulting in the foreclosure sale of his property for $110.00, that is reasonably worth $800.00 to $1000.00; that Knight who applies for a writ of assistance to dispossess the petitioner claims by virtue of a quit-claim deed from the mortgagee purchaser at the foreclosure sale, which was taken by Knight while petitioner was in full, open and complete possession of the land, and while petitioner had no knowledge whatever that his land had been sold at a foreclosure sale; that petitioner stands ready to do equity as may be decreed.

These allegations are admitted by the demurrer of Knight and by the decree *pro confesso* entered against the company. See Metcalf Co. v. Orange County, 56 Fla. 829, 47 South. Rep. 363; Lybass v. Town of Ft. Myers, 56 Fla. 817, 47 South. Rep. 346.

On the showing made by the petition, the order vacating the confirmation of the sale, and directing another sale, if payment of the foreclosure decree is not duly made, seems to be fully justified. The mortgagor Hodge has remained in possession of the premises and was unaware of the decree and sale, while the mortgagee purchaser, the Florida Fertilizer Manufacturing Company, would be fully compensated by a payment of the indebted-

ness, making it inequitable under the circumstances for it to take advantage of the purchase at the foreclosure sale for a grossly inadequate price; and Knight having only a quit-claim transfer, while Hodge was in actual possession, has no better rights than the company. The order vacating the foreclosure sale does not affect the foreclosure decree, but requires the enforcement of the decree by equitable means and prevents injustice.

The order appealed from is affirmed.

TAYLOR, SHACKLEFORD AND COCKRELL, J. J., concur.

HOCKER, J., absent because of illness.