THE LIFE AND CASUALTY INSURANCE COMPANY OF TENNES-
SEE V. CORBETT E. TUMLIN, *et ux.*, PATRICK O'BRIEN
CASHIN, DELLA M. JOHNSON, a Widow, S. J. SPECTOR,
*et ux.*, GULF REFINING COMPANY, JAMES O. WEBSTER
and HIRSCH-FAUTH FURNITURE COMPANY.

189 So. 406
En Banc
Opinion Filed June 2, 1939

448

*Harry Gordon* and *Herbert U. Feiblman, Walter & Maginniss, B. A. Meginniss* and *Charles H. Spitz,* for Appellant;

*Phillips & Thompson* and *Wm. F. Koegler,* for Appellee.

THOMAS, J.—At the outset we give a chronology of the steps in the cause leading up to the order entered by the chancellor from which the appeal is taken.

Final decree was entered May 29, 1931, in a suit to foreclose a mortgage. It contained the usual provisions for the sale of the property to pay the indebtedness and for distribution of the proceeds upon the approval and confirmation of the special master's report of the sale. The mortgaged property was auctioned by the master July 6, 1931, and nine days later complainant moved for confirmation of the sale and for a deficiency decree. The court confirmed the sale July 23, 1931, and recited in the order that the application for deficiency was denied "without prejudice to the com-

plainant to resubmit his application" therefor upon proper notice. This order was not actually recorded by the clerk until January 14, 1932. Meanwhile, on December 18, 1931, a deficiency decree was entered by the successor of the judge who had theretofore entertained the cause, and this order was also recorded January 14, 1932. On September 2, 1937, another judge of the same court decreed that the deficiency order should be stricken from the files, which action is the basis of this appeal.

Much space in the briefs is devoted to a discussion of the time when the decree or order of a court of chancery becomes effective. There seems small room for doubt upon this subject. The statute is quite clear.

"Decrees in equity may be signed by the judge when pronounced, and shall be recorded in the chancery book of the court without any other enrollment. And no process shall be issued or other proceedings had on any final decree or order until the same shall have been signed and recorded as aforesaid." Sec. 9448 C. G. L. 1927.

The last sentence is appropriate to the question presented here, viz.: no proceedings shall be had on any order (or final decree) until signed and recorded.

In the cases of Grimsley v. Rosenberg, 94 Fla. 673, 114 South. Rep. 553; Thompkins v. Thompkins, 93 Fla. 844, 112 South Rep. 766, the necessity for recordation to make the order of a court of chancery fully effective was discussed and decided.

Here the order confirming the sale and denying the petition for a deficiency judgment with leave to renew the application at some future date and the order allowing the deficiency took effect at the same time regardless of the fact that they were actually rendered on different dates.

The confirmation order was a continuation of the final decree and was, as has been stated by this Court, an essential step in its enforcement. Mabson v. Christ, 96 Fla. 756, 119 South. Rep. 131. It was said there, too, that application for a deficiency should be made before the case is concluded by final decree and order of confirmation and before expiration of the time to open the decree on motion for rehearing. See Florida Fertilizer Mfg. Co. v. Hodge, 64 Fla. 275, 60 South. Rep. 127:

"In judicial proceedings to foreclose a mortgage, the decree adjudging the equities and directing a sale of the property on default of payment is the final decree in the cause. Orders confirming sales made under a foreclosure decree are merely steps taken in the enforcement of the final decree. While a final decree may not be vacated after it becomes absolute under the rule except as indicated in City of Gainesville v. Johnson, 59 Fla. 459, 51 South. Rep. 852, an order confirming a sale made under a foreclosure decree may be vacated upon appropriate proceedings duly taken. Macfarlane v. Macfarlane, 50 Fla. 570, 39 South. 995; Lawyer's Co-operative Pub. Co. v. Bennett, 34 Fla. 302, 16 So. 185."

There was no right reserved in the court to alter the principles of its final order after the same became absolute, but this rule is not an inhibition against further actions on the part of the court toward its enforcement. So the confirmation order, though actually recorded more than six months before the final decree was spread upon the chancery order book, did not, because of that delay, lose its efficicacy. By the same token, the order adjudicating the deficiency could not be said to be ineffectual.

It should be noted here that no delay on the part of the complainant in petitioning for the deficiency is disclosed by

the record, as his motion for this relief was presented July 15, 1931, or about nine days after the sale.

It would be illogical to hold that part of the order confirming the sale, valid and that part of the same order denying the deficiency, invalid.

It is true that there was no adjudication of the deficiency in the final decree, but obviously the proper time for the determination of a deficiency is upon confirmation after the sale when the exact amount of the discrepancy may be computed by the simple process of subtracting the net proceeds of the sale from the amount of the final decree. The sale is incomplete until it is confirmed by the court.

To recapitulate, we see no impropriety in the action of the chancellor in granting a deficiency decree upon timely application therefor although his order and the one confirming the sale, specifically including in it the denial of a deficiency without prejudice to the complainant's renewal of the prayer for such relief, were recorded at the same time.

This brings us to the only other question which we are asked to answer, viz.: the effect on the first orders entered because of the change in personnel of the court before their recordation.

It is contended by the appellees that the order confirming the sale is void because the chancellor who signed it resigned and was succeeded by another between the date of the entry and the time it was filed for recordation. If this position is sound, the sale has not yet been approved and all matters affecting the litigation subsequent to the entry of the final decrees are still subject of adjudication. 3 Jones on Mortgages (8 ed.) 588.

Disregarding this, however, and fully conscious of authority to the contrary, Russell v. Sargent, 7 Ill. App. 98, cited in appellee's brief, we do not subscribe to the doctrine that the actions of a court are so dependent on the person of the

presiding officer. It is our view that the Circuit Court is an institution and its functions continue as such no matter how frequently the personnel of the judges may change. It would, indeed, cause great confusion in the administration of justice if upon the death of a member of the judiciary matters which he had entertained could not be concluded by a successor, or, to be more specific, orders which he had signed could not thereafter become effective by the clerical act of spreading them upon the record.

We decide that if a chancellor reaches a conclusion in a case and reduces his decision to writing and signs the same it may thereafter become of full force and effect, although in the interim he may have been succeeded by another. Tracy v. Beeson, (10 Run.) 47 Iowa 155; Roberts v. White, (7 Jones & S.) 39 N. Y. Super. Ct. 272.

The order of September 2, 1937, vacating and setting aside the deficiency decree in the above cause is hereby reversed.

TERRELL, C. J., and WHITFIELD, BROWN, BUFORD and CHAPMAN, J. J., concur.