OWEN, Chief Judge.
Subsequent to certain real property having been sold as a result of a mechanic’s lien foreclosure, both the judgment and the sale were vacated. The respective appellants are the purchaser at the sale, his grantee, and the latter’s mortgagee.
The real property had been owned by one Herbert Dean, an octogenarian who, acting as his own general contractor, had constructed a triplex for use as his home and for rental income. The plastering subcontractor failed to pay a materialman, Adobe Brick & Supply Company, and so the latter in due course instituted this mechanic’s lien foreclosure. A default and final judgment was entered and the property, having a fair market value of approximately $40,000.00, was ordered sold to satisfy the amount of the lien and costs in the total sum of approximately $1100.00. Appellant-Daniel Bakst bought the property at sale for $2000.00.
At the time of the sale on December 4, 1972, Dean was in the hospital with terminal illness and, in fact, he died less than three weeks after the sale. Several days after Dean’s death, his personal representative, (Appellee-Doris Jefferson) learned of the sale and immediately made an effort to redeem the property from Bakst. Being unsuccessful, she promptly filed a motion to vacate the default and final judgment and the sale, serving a copy on Bakst. However, the day preceding the filing of such motion, Bakst had conveyed the property to appellant-Cohen and contemporaneously therewith the latter had mortgaged the property to appellant-Schram. When Mrs. Jefferson became aware of these transactions, she filed an amended motion to vacate, alleging these transactions and also alleging that by virtue thereof Bakst, Cohen and Schram were all necessary parties. Although each of them was thereafter served with a copy of the amended motion and notice of hearing thereon, no process of the court was issued and served upon them. As a result, before the motion was ever heard on its merits, Bakst, Cohen and Schram were successful in securing an order dismissing each for lack of jurisdic *685 tion over the person. Thus, none of them were parties to the action when the court subsequently considered the motion on its merits. An order was entered granting the motion, the court finding that under the circumstances the sale was “egregiously unconscionable and equity requires that the default against Herbert Dean, the final judgment and sale be vacated.”
After this order was entered, Doris Jefferson obtained leave of court to add Bakst, Cohen and Schram as defendants pursuant to Rules 1.210(a) and 1.250(c), RCP 30 F.S.A and thereafter served each of them with process together with a copy of her petition for declaratory relief. Each of the appellants filed a motion to dismiss this pleading for its failure to state a cause of action. The denial of these motions is the order which is before us on this interlocutory appeal.
Neither the order which earlier had dismissed the appellants for lack of jurisdiction over the person, nor the order which later vacated the judgment and sale is a matter for our consideration on this appeal. As matters now stand, there is an outstanding and presumptively valid order vacating the sale which order was entered at a time when none of the appellants were parties and did not have their rights adjudicated, and without provision for the return of the purchase price or restoration of appellants to status quo. Ironically, it would appear that the situation is due primarily to appellants’ reluctance to be made parties, when under the circumstances it would seem that they should be most desirous of being brought into the litigation.
Although there is or likely will be a controversy between the personal representative of the Estate of Herbert Dean on the one hand, and appellants on the other hand, concerning the ownership and right of possession of the real property, appellants are correct in their contention that such controversy cannot be reached on the basis of the present pleading since it does, indeed, fail to present a justiciable issue. Essentially, the petition alleged (1) that Bakst had bought the property at the judicial sale for $2000.00, (2) that despite an offer from Mrs. Jefferson to repurchase the property from Bakst at a sum to be approved by the probate court, Bakst had without notice and in had faith conveyed the property to Cohen who had in turn mortgaged to Schram, all done in bad faith and breach of equity, and (3) that the sale had been vacated by the court’s order of July 13, 1973. But, Bakst had no duty to accept Mrs. Jefferson’s offer to repurchase the property, nor to notify her that he would convey the property to Cohen, and certainly there is no allegation showing that either Cohen or Schram owed any legal duty to Mrs. Jefferson. The allegation to the effect that the court had already entered its order setting aside the sale adds nothing because that order could not affect the rights of Bakst, Cohen and Schram who were not then parties. Macfarlane v. Macfarlane, 1905, 50 Fla. 570, 39 So. 995. It was error to deny appellants’ respective motions to dismiss the petition for declaratory decree for its failure to state a cause of action against them.
The real issue in this case is whether the judgment and sale should he vacated as against the rights of Bakst, Cohen and Schram. Since the appellants are now parties to the action, it would appear that this matter can be resolved after remand by the court granting leave to the personal representative to file and serve upon appellants the amended petition to vacate the judgment and sale (or a similar pleading) and after appellants have had appropriate opportunity to plead thereto, all parties can be given the opportunity to be heard on the merits.
Reversed and remanded for further proceedings.
WALDEN and MAGER, JJ., concur.