BOYER, Chief Judge.
Is a final judgment of foreclosure in a mortgage foreclosure action a final decision or is it interlocutory ?
Appellee, as plaintiff in the trial court commenced a foreclosure action against appellants and others. An order was entered on March 8, 1976, entitled “Order Granting Motion for Summary Judgment” which order concluded as follows:
“ORDERED AND ADJUDGED that the motions for summary judgment filed in the captioned causes by the plaintiff be and the same are hereby granted, and upon proof of the sums due on the respective obligations final judgment will be accordingly entered.”
On March 23, 1976, a final judgment of foreclosure was entered by which the amount owed to the mortgagee was determined and in default of the payment of such sum the Clerk of the Circuit Court was directed to sell the property encumbered by the mortgage and described in said final judgment on April 7, 1976 “to the highest bidder for cash at public sale”.
Appellants filed notice of interlocutory appeal designating the order, judgment or *145 decree of which review was sought to have been entered March 23, 1976 and reciting “The nature of the orders appealed from are Final Judgments of Foreclosure.”
Appellee has filed a motion to dismiss, the only ground of which meriting our consideration is that appellants are incorrectly seeking interlocutory review pursuant to Rule 4.2, FAR, of a final judgment which is reviewable only as a final decision pursuant to Rule 3.2, FAR, et seq.
We have been cited to no decision squarely addressing this issue and independent research has failed to reveal any. In Volume 59, C.J.S. Mortgages § 685, is found a brief general discussion which though not directly on point sheds some light on the subject:
“While a final judgment or decree is essential to a valid foreclosure proceeding, a foreclosure judgment or decree is generally final in part and interlocutory in part. * * *
“A judgment or decree of foreclosure, directing a sale of the mortgaged property, is generally regarded as a final judgment or decree, and its finality is not affected by the failure of the judgment to dispose of other asserted liens. It is final in so far as it determines the rights of the parties, the amounts to be paid, and as to the award of a personal judgment and the granting of a lien; and, when the judgment or decree grants a time to redeem, the day of the expiration of such time is the day of final judgment. It is executory and interlocutory as to the order directing the manner of sale and the proper distribution of the proceeds thereof.” (Footnotes omitted)
In Florida Fertilizer Mfg. Co. v. Hodge, Sup.Ct.Fla., 1912, 64 Fla. 275, 60 So. 127, cited in a footnote to the above quoted, the Supreme Court of Florida, discussing the finality of a final judgment of foreclosure, but without considering applicability thereof, said:
“In judicial proceedings to foreclose a mortgage, the decree adjudging the equities and directing a sale of the property on default of payment is the final decree in the cause. Orders confirming sales made under a foreclosure decree are merely steps taken in the enforcement of the final decree. While a final decree may not be vacated after it becomes absolute under the rule * * * an order confirming a sale made under a foreclosure decree may be vacated upon appropriate proceedings duly taken. * * ” (60 So. 127 at page 127)
The last quoted language was quoted with approval by our Supreme Court in Life & Casualty Ins. Co. of Tennessee v. Tumlin, Sup.Ct.Fla.1939, 138 Fla. 447, 189 So. 406.
Without discussing the specific issue here under consideration our sister court of the third district in South Dade Farms, Inc. v. Atlantic National Bank, Fla.App.3d 1969, 222 So.2d 275, a case remarkably similar to the case sub judice, appears to have treated the summary final judgment of foreclosure there appealed as a final decision appealable as such.
In our view, a final judgment of foreclosure in a mortgage foreclosure proceeding is final as between the mortgagor and mortgagee and should be reviewable as such.
 Article V, Section II of the Constitution of the State of Florida requires that no cause be dismissed because an improper remedy has been sought. Accordingly, while holding that the final judgment of foreclosure dated March 23, 1976, designated in the notice of appeal as the judgment sought here to be reviewed, is a final decision and therefore not reviewable pursuant to Rule 4.2, FAR, we, in accordance with the constitutional mandate, treat this appeal as an appeal from a final decision and therefore deny appellee’s motion to dismiss.
*146 Assignments of error have been filed as have briefs but inasmuch as appellants have sought to avail themselves of the provisions of Rule 4.2, FAR, no record on appeal has been prepared nor filed. The parties are allowed 30 days from date hereof within which to comply with the rules applicable to appeals from final decisions and within which to file any amended or supplemental brief as they may desire.
RAWLS and McCORD, JJ., concur.