PER CURIAM.
Karla Shaffer appeals the second amended final judgment of foreclosure entered in favor of Wells Fargo Bank, N.A., and Wells Fargo, in turn, cross-appeals the trial court’s apparent refusal to allow the bank to pursue a deficiency judgment. We affirm without comment as to Shaffer’s appeal. We dismiss Wells Fargo’s cross-appeal as unripe.
In the foreclosure proceeding, after the trial court noted that Wells Fargo had not entered evidence as to some of the amounts it sought, the court inquired whether the bank intended to pursue a deficiency judgment. The judge may have been referring to various items contained in the proposed final judgment, some of which were subject to proof at trial, and some of which were costs generally recoverable by Wells Fargo.[1] Counsel for Wells Fargo informed the court that they were not seeking a deficiency judgment at that time, but left open the possibility of pursuing that action at a later time. The trial court stated, “Not with this judgment they won’t.” Consistent with the trial court’s oral ruling, the second amended final judgment stated, “Jurisdiction is retained to enter further Orders that are proper *655 against Defendants (Except Plaintiff is prohibited from the right to a deficiency judgment per the court ruling of January 30 2015)....”
It is not entirely clear what the trial court sought to accomplish with this prohibition. The transcript indicates that the trial court determined Wells Fargo had not presented evidence to support amounts other than the principal, interest, and amount of the second mortgage in the final judgment. Thus, the trial court may have sought to limit Wells Fargo’s recovery to those amounts in its judgment. Yet there is some suggestion in the record, and the order, that the judge intended only to make Wells Fargo prove their fees and costs in a later proceeding.[2] Finally, it is also possible to read the prohibition as intended to deny Wells Fargo any deficiency judgment whatsoever.
Section 702.06 gives the court power to limit deficiency judgments. It states: “The complainant shall also have the right to sue at common law to[1] recover such deficiency, unless the court in the foreclosure action has granted or denied a claim for a deficiency judgment.” § 702.06, Fla. Stat. (2015) (emphasis added). Thus, the prohibition of a right to a deficiency in the foreclosure judgment may bar a plaintiff from that relief after the foreclosure sale. See also Reid v. Compass Bank, 164 So.3d 49, 56 n. 3 (Fla. 1st DCA 2015) (citing Capital Bank v. Needle, 596 So.2d 1134, 1136 (Fla. 4th DCA 1992)). However, such a denial must be accompanied by a statement of the legal or equitable reasons for the denial. See Coral Gables Fed. Savs. & Loan Ass’n v. Whitewater Enters., 614 So.2d 682, 682 (Fla. 5th DCA 1993),
At this- point in time, however, Wells Fargo has not-attempted to obtain a deficiency judgment, which is not available until after the sale price has been established. See Life & Cas. Ins. Co. of Tenn. v. Tumlin, 138 Fla. 447, 189 So. 406, 407 (1939) (“[T]he proper time for the determination of a deficiency is upon confirmation after the sale when the exact amount of the discrepancy may be computed by the simple process of subtracting the net proceeds of the sale from the amount of the final decree.”); see also Blue v. Covington Cty. Bank, 77 So.3d 909, 910 (Fla. 1st DCA 2012). Accordingly, Wells Fargo’s cross-appeal is dismissed as unripe.
AFFIRMED; CROSS-APPEAL DISMISSED.
COHEN, BERGER and WALLIS, JJ., concur.

. The proposed judgment sought the filing, service of process, and attorney's fees, as well as appraisal and property inspection fees and late charges.

. The trial judge responded affirmatively in response to Wells -Fargo's inquiry, “Your Honor — can I submit that — other than today?" This- possibility is also supported by other language in paragraph 8 of the order: "Plaintiff may, if subsequent to the date of Plaintiff’s Affidavit in Support of Motion for Summary Judgment, file an ¡amended affidavit for additional sums owed as contemplated by this judgment.” However, this possibility also seems directly contrary to the broad’ language prohibiting Wells -Fargo from pursuing a deficiency judgment. . This contradiction is more apparent in light of the holding of this Court that “[o]nce a trial court enters judgment of foreclosure, the judgment 'fixe[s] the validity, priority and extent of [the] debt.' ” TD Bank, N.A. v. Graubard, 172 So.3d 550, 553 (Fla. 5th DCA 2015) (alterations in internal quotation in original) (quoting Ahmad v. Cobb Comer, Inc., 762 So.2d 944, 946-47 (Fla. 4th DCA 2000)),