Leon R. Sikes, and Farmers Bank & Trust Company, a Corporation, *Appellants,* v. Dade Lumber Company, a Corporation, Appellees.

Division A.

Opinion filed September 19, 1929.

E. *Harris Drew* and *Richard P. Robbins,* for Appellants;

*Joe Hatfield,* for Appellee.

452

ELLIS, J.—This is an appeal from a final decree enforcing a statutory lien for materials furnished by the complainant Dade Lumber Company to Leon R. Sikes for use in the construction of a building on lots owned by Sikes in the North Palm Beach addition to the City of West Palm Beach. From the latter part of January, 1926, to the 17th of April of that year the complainant furnished materials to Sikes for the construction of the building and on the 18th of June following caused a notice of lien to Sikes and all others concerned to be filed in the clerk's office and recorded in the county records. The lots were described, the amount claimed for material stated to be $1,039.41 and the declaration or notice of lien was duly verified by the bookkeeper of the corporation and the notice itself signed in the name of the corporation by the treasurer.

The complainant by bill in chancery filed September 22, 1926, sought the enforcement of the lien against the property. Leon R. Sikes, George W. Frost and the Farmer's Bank & Trust Company were made defendants, the two latter because on February 8, 1926, Sikes gave a mortgage to Frost upon the property to secure a debt of $1,000. The mortgage was filed and recorded on June 23, 1926. That mortgage was alleged to be an inferior lien to that of the complainant, because as it was alleged the complainant had no knowledge of its existence during the period that it furnished material to Sikes under the contract with him.

The Bank & Trust Company was made a party because on the 10th of April, 1926, Sikes gave a mortgage to it upon the property to secure a debt of $3,500, and that mortgage was filed and recorded in the clerk's office on the 24th of May, 1926. The lien of that mortgage was alleged to be inferior to the complainant's lien for the same

reason that the Frost mortgage was alleged to be inferior in dignity to the complainant's lien.

The bank demurred to the bill. The grounds were that the bill was without equity; that it affirmatively showed that the complainant's notice of lien was not filed within the period required by the statute and that the bank's mortgage was superior in dignity therefore to complainant's lien.

That demurrer was sustained apparently for the reason that the original bill failed to allege the residence of the defendants Sikes and Frost and the place of business of the bank. The bill was amended by leave of court and the bank answered. It disclaimed any interest in the matter of the bill, because it avers that it assigned and endorsed without recourse to M. E. Smith the notes secured by the mortgage to it prior to the institution of the suit. In its answer it also denied knowledge of some material allegations and denied that the complainant furnished the materials alleged and denied any indebtedness to the complainant by either Sikes, Frost or the bank on account of the materials alleged to have been furnished by the complainant. The answer also contained a demurrer to the bill for want of equity, lack of parties because M. E. Smith was a necessary party, and that the prayer in the bill for solicitor's fees destroyed its efficacy as a means for the enforcement of the lien.

The defendant Sikes interposed a plea attacking the prayer for solicitor's fees and answered as to the remainder of the bill. The answer consisted of a denial of the allegations of the bill. The plea was overruled.

The record is silent as to any further procedure other than the taking of testimony, the final decree, the sale of the property, the confirmation of the sale and entry of appeal from the final decree.

·The appeal was taken by Sikes and the Farmers Bank
and Trust Company. There was no evidence offered in
support of either answer. The decree was for the com-
plainant, ordered the payment of the amount found to be
due by Sikes and that in default thereof that the property
be sold. The amount found to be due was $1,108.70. No
solicitor's fees were allowed.

The report of the sale shows that due notice was given
and that the property was sold to complainant for the sum
of $1,210.32 and that at the public sale he was the highest
and best bidder therefor. Three affidavits as to the value
of the property were filed stating that in the opinion of the
affiants the property was reasonably worth between thirty-
five and forty-five hundred dollars. There was no objection
to the confirmation of the sale, however, which was con-
firmed by order of the court on September 23, 1927.

Appellants contend in the brief of their counsel that as
the mortgage to Frost was executed upon the exact date
that the complainant began furnishing materials accord-
ing to the exhibit attached to the bill, that the Frost mort-
gage is a lien of equal dignity with that of complainant.

Even if there were any merit in such contention, Frost
is not a party to the appeal and seems to be satisfied with
the decree. There was no error in the decree adjudging
the equities to be with the complainant and ordering·the
sale of the property to discharge it. See Sections 5379,
5380, Comp. Gen. Laws 1927; Bond Lumber Co. v. Mas-
land, 45 Fla. 188, 34 So. R. 254; Palm Beach Bank &
Trust Co. v. Lainhart,· 84 Fla. 662, 95 So. R. 122.

Nor do we consider that the point made as to inadequacy
of price at which the property was sold has any merit. The
difference between the amount for which it was sold at pub-
lic outcry and its value in the opinion of the three affiants
whose affidavits are in the record is not so great in view

of the conditions existing at the time of the sale, of which the Court may take notice, as to shock the conscience. Nor is there any evidence of the facts upon which the affiants base their opinion to show that the price at which the property was sold at public sale was inadequate. There was no fraud or unfairness practiced, nor were there any purchasers or prospective purchasers at .the sale who were ready to purchase at the so-called greater value or at a price greater than that at which the property was sold. See Mitchell v. Mason, 75 Fla. 679, 79 So. R. 163; Etter v. State Bank of Florida, 76 Fla. 203, 79 So. R. 724.

The general observations of counsel for appellants in the latter part of their brief upon the word ''justice'' and what it means as applied to a cause in equity are pretty enough as generalizations but scientific administration of justice can never be accomplished in disregard of rules of precedure which have for their purpose a clear and definite presentation of an issue of law or fact. Justice, as the term is understood and applied in the courts to the transaction of business among men, is governed by rules of conduct and legal procedure to which those who seek it must conform to the end that the elements of which it consists in the particular case may be clearly stated, and not left to brilliant generalities which at any material point in the controversy may be as elusive as the iridescence of an autumn sunset.

No error in these proceedings has been pointed out by counsel and we have discovered none in the record as the same has been made up and certified, so the decree is affirmed.

Terrell, C. J., and Brown, J., concur.

Whitfield, P. J., and Strum and Buford, J. J., concur in the opinion and judgment.