W. B. SHELBY CRICHLOW, *et ux.;* MARY B. ANDREW and ELLEN B. ANDREW v. THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES.

180 So. 382.
Division B.
Opinion Filed March 10, 1938.
Rehearing Denied April 23, 1938.

*Dewey A. Dye,* for Appellants;
*Singeltary, Kirk & Cornwell,* for Appellee.

CHAPMAN, J.—The parties to this cause will be referred to in this opinion as they appeared in the court below as plaintiff and defendants. On December 11, 1930, plaintiff filed in the Circuit Court of Manatee County its bill of complaint seeking a foreclosure of a mortgage. The bill of complaint was in the usual form. Defendants filed a demurrer to the bill of complaint and upon hearing the lower court entered an order overruling the same. From the order overruling the demurrer an appeal was taken to this Court when the ruling of the lower court was affirmed. The decision was reported in 103 Fla. 959, 138 Sou. Rep. 481.

On November 2, 1931, a final decree in behalf of plaintiff was made and entered by the lower court and the defend-

ants appealed therefrom to this Court when the appeal was dismissed. It was reported in 105 Fla. 640, 142 Sou. Rep. 219. The appeal subsequently was reinstated and affirmed by this Court in 113 Fla. 668, 152 Sou. Rep. 849. The case appeared here on a technical adverse ruling by the lower court and is reported in 117 Fla. 235, 159 Sou. Rep. 46.

On July 18, 1936, the lower court entered an order confirming the sale had under the final decree and in the same order determined the amount of the deficiency as shown by the Master's report. The lower court retained jurisdiction of the cause for a period of thirty days after July 18, 1936, for the purpose of hearing and determination of the right of the plaintiff to a deficiency decree. From this order an appeal was taken to this Court and 18 assignments of error argued for the reversal of the confirmation order. The brief of defendants does not discuss each assignment as made, but presents all assignments of error under two questions.

By the first question it is contended that the court below was without authority to make and enter the order appealed from without notice in face of an order dated August 4, 1934, to the effect "that the defendant shall be notified by counsel for complainant of all future proceedings to be taken before the court with reference to said cause and with full right to litigate the same." It has not been made to appear by the record by affidavits or any other satisfactory evidence that *full notice* was not given and made in conformity with the above order. It seems that the assignment should have some support in the record in the form of evidence to sustain this contention. The court retained jurisdiction of the cause for a period of thirty days from and after July 18, 1936, and during this period, according to the record, the defendants nor their solicitors of record appeared before the court and requested a rehearing. It

occurs that the court made provisions for any emergency by retaining jurisdiction thereof and no doubt errors of fact or law within this period would have been considered had this item been brought to its attention. While the order recites the purpose of hearings during the thirty days period next after July 18, 1936, we cannot assume that the learned Chancellor would have refused a hearing to the defendants on the identical points assigned as error and argued in the brief under question one had the same been requested. While the order makes findings as to the amount of a deficiency and a petition for a deficiency was filed August 7, 1936, there is nothing in the record in the form of a decree of judgment against the defendants and we cannot assume that the Chancellor below will proceed to enter a deficiency decree without notice to the defendants or their solicitors of record.

It is unnecessary to consider the points raised by question two of defendants' brief.

In the case of Florida Fertilizer Mfg. Co. v. Hodge, 64 Fla. 275, 60 Sou. Rep. 127, a petition was filed to set aside a sale nearly two years after the confirmation order was entered and the petition was granted and the order vacated. The appeal in the case at bar is dated October 30, 1936, seeking to reverse the order dated July 18, 1936. If a petition to set aside the confirmation order had been made in the lower court showing mistake, surprise, accident, misconduct, fraud or some other unlawful or inequitable irregularity, it is probable that this appeal would be unnecessary.

This Court considered the question raised here in the case of Mitchell v. Mason, 75 Fla. 680, text page 682, 79 Sou. Rep. 163, when it said:

"Inadequacy of price in connection with other circumstances having a tendency to cause such inadequacy result-

ing in injury is considered sufficient grounds to set aside the same especially if the circumstances result from the mistake of one whose duty it is under the decree to make sale of property, yet the Chancellor has a large discretion which will only be interfered with by the appellate court in a clear case of injustice."

Likewise in the case of Ruff v. Guaranty Title & Trust Co., 99 Fla. 197, text pages 200, 201, 126 Sou. Rep. 383, when the court said:

"This Court, in Mitchell v. Mason, 75 Fla. 679, text 684, 79 So. R. 163, held that an order confirming a sale under a foreclosure decree is equivalent to an adjudication that the sale was one proper to be approved, and creates a presumption of the regularity of the proceedings. With that rule in force, the burden was on the appellant to overcome the presumption by a proper showing and yet the only ground for the petition that has even remotely any support in the affidavits accompanying it is the one that states that the amount offered for the property was grossly inadequate. It is not made to appear by either of the affidavits that the person making the same was ready, able and willing to give more for the property, than the amount for which it was sold. * * *

"This Court has held that the general rule is that mere inadequacy of price is not sufficient to set aside a judicial sale, but 'where such inadequacy is connected with or shown to result from any mistake, accident, surprise, misconduct, fraud or irregularity, the sale will generally be set aside' Lawyers' Co-op. Pub. Co. v. Bennett, 34 Fla. 302, 16 So. R. 185; Marsh v. Marsh, 72 Fla. 142, 72 So. R. 638; Macfarlane v. Macfarlane, 50 Fla. 570, 39 So. R. 995. In such cases, as stated in Mitchell v. Mason, *supra,* the chancellor has a large discretion which will only be interfered with by the appellate court in a clear case of injustice."

From a proper consideration of the entire record no reversible error has been made to appear and the order appealed from is hereby affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.