191 So.2d 569 (1966)
John J. SUBSARO, Appellant,
v.
Guy A. VAN HEUSDEN, Appellee.
No. 66-164.
District Court of Appeal of Florida. Third District.
November 1, 1966.
Rehearing Denied November 29, 1966.
Shevin, Goodman & Holtzman, and Joseph C. Segor, Miami, for appellant.
Wepman & Wepman, Miami, for appellee.
Before HENDRY, C.J., and PEARSON and CARROLL, JJ.
*570 CARROLL, Judge.
A judgment for $628.50 was entered by the civil court of record in Dade County on November 5, 1965, in favor of one Ike B. Stevens, Jr., against the appellee Guy A. Van Heusden. Execution was issued thereon and levied against certain improved real estate of the judgment debtor. Execution sale by the sheriff was duly advertised by publication, for January 16, 1966.
By custom, though not required by law, the sheriff's office mailed notice of such advertised sales to parties. In this instance such a mailed notice intended for the judgment debtor, who resided outside the county, was misdirected to a city other than the one in which he resided. The failure of the judgment debtor to receive such notice had no bearing on the legality of the sale, but is a fact to be considered in the circumstances of this case.
The sale was held as advertised, and the property was sold for $700 to the appellant Subsaro, the only bidder, the appellee being absent. Shortly thereafter, and prior to the execution and delivery of the sheriff's deed, the judgment debtor Van Heusden moved the trial court under § 55.38 Fla. Stat., F.S.A., to stay the execution proceedings.[1] In connection with that motion appellant tendered to the sheriff the amount necessary to discharge the judgment indebtedness. A temporary stay order was entered, whereupon the execution sale purchaser Subsaro filed his appearance in the cause and moved the court to vacate the stay order.
Thereafter a hearing was had before the trial judge at which evidence was presented, from which the trial judge was entitled to conclude the property was worth upwards of $350,000, subject to three mortgages aggregating approximately $275,000, that is, that the property had a value, above the mortgages thereon, of approximately $75,000. Also, there was evidence that the property produced income, net above taxes, insurance and amortization expense of two of the mortgages (the third or remaining mortgage being only $10,000) in an amount which when calculated at 10% showed an invested (net) value of $82,000. It was made to appear that the small mortgage ($10,000) had been kept in good standing by the appellee-owner, and that the two other mortgages had become in default (due to failure of appellee's lessee to perform) and had been in process of foreclosure, that one had been reinstated by appellee before the execution sale and that appellee was in process of so dealing with the other.
The trial court then entered the order which the execution sale purchaser now has appealed. The order stayed execution, which had the effect of setting aside the sale, with appropriate provision for disposition by the sheriff of monies held. In the order it was recited that it was entered in the exercise of the court's discretion, and was held "that the inadequacy of the price bid by the said John J. Subsaro is so gross as to shock this court's conscience and raise a presumption of surprise."
The appellant contends that in the status of the case, that is, after execution sale had been made and prior to the issuance of a sheriff's deed, the trial court was without jurisdiction to stay the execution proceedings. Appellant further contends the trial court was in error in staying the sale on the basis of inadequate consideration, and in holding that the execution sale price was grossly inadequate.
Appellant's argument that the court was without jurisdiction to stay the sale is without merit. Authority of a trial court to stay execution, or the proceedings on execution which would include the consummating step of execution and delivery of the sheriff's deed, is expressly conferred *571 by § 55.38 Fla. Stat., F.S.A., which is quoted in the margin. Under the statute such action may be taken by the court "for good cause." The other contentions of the appellant, in effect, are that "good cause" to stay the execution proceedings was not shown.
The trial court not only found the execution sale price inadequate, but that its inadequacy was so gross as to shock the conscience of the court, and such as to raise a presumption of surprise. We regard as correct the contention of the appellant that mere inadequacy of price is not sufficient to set aside a judicial sale. But where there is an inadequacy of price which the court finds is such as to shock the judicial conscience and it is coupled with or shown to have resulted from mistake, accident, surprise, misconduct, fraud or irregularity, the sale will generally be set aside.
The rule was so stated by the Supreme Court in Ruff v. Guaranty Title & Trust Co., 99 Fla. 197, 126 So. 383, 384. See also Lawyers' Co-operative Pub. Co. v. Bennett, 34 Fla. 302, 16 So. 185; Eristavi-Tchitcherine v. Miami Beach F. Savings & L. Ass'n, 154 Fla. 100, 16 So.2d 730, 734; Arlt v. Buchanan, Fla. 1966, 190 So.2d 575.
In the instant case, the findings by the trial court of gross inadequacy of price and surprise were not without support in the record. From the disclosures as to the attitude and activities of the appellee-owner with regard to the property, the trial judge appears to have concluded that the owner was the victim of some mistake or surprise which tended to prevent him from attending and protecting his interest at the execution sale, and upon consideration of the record we are not inclined to disturb the decision of the trial judge that good cause was shown for the entry of the stay order. With the support which the record furnishes to the order appealed from, it is entitled to be affirmed on the authority of Lawyers' Co-operative Pub. Co. v. Bennett, supra, the facts in which bring it closely in point with the present case.
For the reasons stated, the order appealed from should be and hereby is affirmed.
Affirmed.
NOTES
[1] "The court before which an execution is returnable may, on a motion and notice to the adverse party, for good cause, upon such terms as the court may impose, direct a stay of the same, and the suspension of proceedings thereon."