201 So.2d 495 (1967)
EDWARD A. LASHINS, INC., a Florida Corporation, Appellant,
v.
Stanley J. BAUMANN, Appellee.
No. 7468.
District Court of Appeal of Florida. Second District.
July 14, 1967.
Rehearing Denied August 15, 1967.
*496 Henry P. Trawick, Jr., of Millican & Trawick, Sarasota, for appellant.
Greene, Rodenberg & Layne, Miami, and Mayer & Breathitt, Lakeland, for appellee.
LILES, Chief Judge.
Appellant, plaintiff in the trial court, obtained a judgment against appellee. This judgment was partially satisfied leaving a balance of $591.72 due. Thereafter the defendant mailed a check to his lawyer for $700.00. This lawyer represented the defendant during the trial but not during the motion to vacate the sale. Testimony indicates that defendant thought the check would be used to liquidate the remaining balance due on the judgment, however the lawyer did not understand this to be so and applied the check to his fee.
The sheriff levied execution on corporate stock owned by defendant in the plaintiff corporation. Notice of the sale was advertised and the sale was held. At the sale defendant's stock was sold to plaintiff corporation for $200.00. Subsequently, the defendant moved to vacate the sale on the grounds of irregularity, accident, misconduct and surprise. At the hearing before the trial court the defendant introduced evidence to show that the legal notice of sale had been published in the Venice newspaper instead of a Sarasota newspaper; that the writ of execution was issued on the same day that judgment was entered; that the defendant had no personal notice of the sale; and that the clerk kept no execution docket. Even though defendant's allegations were proven, they do not render the sale void pursuant to law.
The general rule is that the trial court may set aside or vacate a judicial sale only for cause. See Maule Industries, Inc. v. Seminole Rock and Sand Co., 91 So.2d 307 (Fla. 1956); 19 Fla.Jur. Judicial Sales, § 39. It is the policy of the law to uphold judicial sales and this is done despite slight defects in the proceeding. Cox v. Hart, 145 U.S. 376, 12 S.Ct. 962, 36 L.Ed. 741 (1891); 19 Fla.Jur. Judicial Sales § 41; 50 C.J.S. Judicial Sales § 52(b).
The trial court in granting defendant's motion for vacation of the sale gave no reasons for its action, and this court, after a careful reading of the transcript and motion, was unable to discover any evidence concerning defendant's allegations that would constitute sufficient cause to justify overturning the sale.
Although no allegations concerning inadequacy of price are contained in defendant's motion to vacate the sale, the transcript shows that testimony concerning inadequacy of price was introduced during the hearing on the motion. This court has not been referred to nor has it been able to discover any Florida case wherein inadequacy of price alone, however gross, was sufficient to justify overturning a judicial sale. Even in those cases cited as authority *497 for the proposition that gross inadequacy of price may create a presumption of defect, the court has required that something more than inadequate price be shown before vacating a sale. In Subsaro v. Van Heusden, 191 So.2d 569 (Fla.App. 1966), property with a net value of $82,000 was sold for $700.00 without the judgment debtor being present. The trial record showed that although the sale was legal, a mailed notice of the sale did not reach the judgment debtor. On the basis of these two factors the trial court held that the inadequacy of price was so gross as to shock the court's conscience and raise a presumption of surprise.
Thus, the better rule is that when the inadequacy of price at a judicial sale shocks the judicial conscience and is coupled with or resulted from mistake, fraud, accident, surprise, misconduct, or irregularity good cause exists for setting the sale aside. Arlt v. Buchanan, 190 So.2d 575 (Fla. 1966); Subsaro v. Van Heusden, 191 So.2d 569 (Fla.App. 1966). As mentioned above, this court has been unable to find any defect which coupled with gross inadequacy of price would justify vacating the sale.
During the hearing there was a lack of testimony relating to the actual value of the stock sold, however two witnesses did testify concerning the price at which they would sell their stock. The testimony for the most part was ambiguous and conflicting and any attempt to value the stock would be mere speculation. Since the value of the stock was not established, there was no clear showing of inadequacy of price. Furthermore, the defendant did not show that there were purchasers or prospective purchasers ready to buy at a higher price than that at which the property was sold. Sikes v. Dade Lumber Co., 98 Fla. 451, 123 So. 918 (Fla. 1929).
For the foregoing reasons the order vacating the execution sale is reversed.
HOBSON, J., and OVERSTREET, MURRAY, Associate Judges, concur.