PER CURIAM.
Plaintiff, Atod, Inc., appeals from an adverse summary judgment entered in the trial court. It is agreed between the parties that there is no significant dispute concerning any material issue of fact, the appellant’s contention being that the trial court erred in entering the summary final judgment as a matter of law.
The facts essential to this appeal are that Atod, Inc., the plaintiff below, was advised on March 1, 1967, that a Sheriff’s sale was about to be held in Dade County, Florida and that the Sheriff would sell Hess Properties’ interest in a ninety-nine year lease to satisfy a final judgment entered in the Small Claims Court in favor of the Hill-York Corporation amounting to $692.38. An officer of Atod searched the public records and found the ninety-nine year lease to be in the name of Hess Properties, Inc., with Hill-York Corporation, Inc. having a valid judgment against it.
It has been admitted this search took place approximately thirty minutes before the sale of the ninety-nine year lease and that the plaintiff thereafter purchased the interest of Hess Properties, Inc. at the Sheriff’s sale.
It is admitted that the plaintiff made no inspection of the leased premises and made no inquiry of the tenants therein prior to the purchase. Subsequently, Atod notified the tenants that it claimed to be their landlord.
In November 1966, the defendant, Coleman, obtained a final judgment in the Dade County Civil Court of Record, for recovery of the leased property against Hess Properties, Inc. as a delinquent tenant. On November 29, 1966, a warrant of possession had issued from that court to the Sheriff *770 of Dade County, ordering him to remove Hess Properties, Inc., its agents, officers and employees from the premises here in question and to put the defendant, Coleman, in full and immediate possession thereof. The Sheriff’s return shows that the writ was executed on November 30, 1966 by placing Coleman in possession of the premises involved.
Atod contends that the trial court should have granted a summary judgment to it for failure of Coleman to comply with Fla.Stat. § 695.01, F.S.A.; that the Sheriff’s action in putting Coleman in possession was insufficient notice to it to constitute constructive notice; and that it was a bona fide purchaser at the Sheriff’s sale. Atod offers various other reasons.
Coleman asserts, on the other hand, that the summary judgment in its favor should be upheld and relies on 6 Am.Jur.2d, Attachment and Garnishment § 460.

“ * * * The attaching or garnishing creditor does not stand in the position of a bona fide purchaser for value, but is in the position of a purchaser with notice. The attachment or garnishment lien does not displace prior equities or rights, but is subject to all equities or infirmities to which the property was liable in the debtor’s hands, * * * ”

In accordance with this reasoning is the case of Conolley v. Power, 70 Cal.App. 70, 232 P. 744 (1924), in which the court said:

“Conceding that the plaintiff notified one of the partners of his election to terminate the lease, and that such notice was sufficient as to the other partners, the evidence does not show whether the notice was given before or after the levy of the attachment. It is immaterial, however, whether it was before or after the attachment, because a creditor of the lessees could not, by levying an attachment, destroy plaintiff’s right to terminate the lease on account of a breach of the terms thereof. The attaching creditor acquired no greater rights than the lessees had at the time of the levy. * * * ”
‡ ‡ ‡ ‡ i{c
It appears to us that the possession of Coleman was open, visible and exclusive, and that it constituted constructive notice to the world that the interest of Hess Properties, Inc. in this property under the ninety-nine year lease had been terminated by operation of law. It is conceded that the tenants of the leased property had been paying rent to Coleman since the execution by the Sheriff of the writ of possession.
In Lee County Bank v. Metropolitan Life Insurance Co., Fla.App.1961, 126 So.2d 589, 592, the court noted that:

“ ‘Actual possession is constructive notice to all the world or any one having knowledge of said possession, of whatever rights the occupants have in the land. Such possession when open, visible, and exclusive, will put upon inquiry those acquiring any title to or a lien upon the land so occupied to ascertain the nature of the rights the occupants really have in the premises. * * * ”
******
The final judgment of eviction rendered in the Civil Court of Record established, as a matter of law, a breach of the terms of the ninety-nine year lease by Hess Properties, Inc. The placing of Coleman into possession by the Sheriff of Dade County, Florida, was open, visible and notorious, and the payment of the rent by the tenants to Coleman for some time thereafter, prior to the Sheriff’s sale, constitutes notice of an abandonment or surrender of the leased premises by Hess. The purchaser at the Sheriff’s sale only acquired whatever right, title or interest Hess Properties had in the aforesaid lease. The summary judgment herein appealed be and the same is, therefore,
Affirmed.