ORFINGER, Judge.
This appeal questions the final judgment below finding the appellee to be the owner of the liquor license whose ownership is disputed.
It is clear from the record that appellants were the owners of the liquor license in question and transferred it to appellee’s predecessor under a lease of the premises and by virtue of lease terms which clearly stated that the license belonged to appellants. It is equally clear that when appellee purchased the business from the original lessee’s estate and entered into a new lease with appellant, he paid appellant nothing for the license. His only payments to appellant were the periodic rent payments called for under the lease. The only consideration paid by appellee was to the personal representative of the former owner of the business, who clearly did not own the liquor license and therefore could not sell it. Appellee bought the business and leased the premises, and secured a transfer of the license under an agreement to reassign it at the termination of the lease. Although there is an ambiguity in the agreement to reassign, the particular language in question was drafted by appellee’s attorney, so they are construed against appellee as the drafter thereof. American Agronomics Corporation v. Ross, 309 So.2d 582 (Fla. 3d DCA 1975).
Appellant in answering the amended complaint clearly raised the issue of lack of consideration for the transfer of ownership of the liquor license. A statutory transfer of a liquor license to satisfy the records of the State Beverage Department is not a transfer of property rights in the license to the purchaser of a business Wright v. Cade, 349 So.2d 833 (Fla. 1st DCA 1977), absent the usual incidents of a true sale, which includes consideration. Because the evidence is clear that the transfer of the liquor license was not supported by consideration to appellant and because the proper interpretation of the agreement in the context supports only a lease, not a sale of the license, we must reverse the judgment.
The judgment is reversed and this cause is remanded for the entry of judgment for appellant.
REVERSED and REMANDED.
DAUKSCH, C. J., concurs.
CROSS, J., dissents.