405 So.2d 257 (1981)
Wilbert CONEY, Appellant,
v.
FIRST STATE BANK OF MIAMI, As Trustee, under the Will of Dorothy J. Brooks, Deceased, and Gloria Gonzalez and Raul Gonzalez, Beneficiaries under the Will of Dorothy J. Brooks, Deceased, Alireza Abbassi, and James Lazier D/B/a Lazier's Lounge, a Florida Corporation, Appellees.
No. 80-2179.
District Court of Appeal of Florida, Third District.
October 27, 1981.
Horton, Perse & Ginsberg and Arnold R. Ginsberg, Samuel M. Spatzer, Gerald Silverman, Miami, for appellant.
Golembe & Fried and Marc Linowitz, Miami, for appellees.
Before BARKDULL, BASKIN and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
Wilbert Coney was a judgment creditor, in the amount of $130,000, of James Lazier, d/b/a Lazier's Lounge. Coney sought to collect on his judgment through a writ of execution on Lazier's property. Included in the property levied upon by the Sheriff was an alcoholic beverage license in Lazier's name. It appears that Lazier obtained the license as part of a recorded lease between him and Gloria and Raul Gonzalez, the owners of the package store and bar and the alcoholic beverage license at the location of the leased premises. Thus, the extent of Lazier's interest in the license was that of a lessee of the Gonzalezes, who, as lessors, retained an interest which would revert to them upon the termination of the lease.
The license, along with other of Lazier's property levied upon, was duly advertised for sale. Prior to the Sheriff's sale, the lessors petitioned to intervene in the Coney-Lazier case and to stay the sale. When Coney agreed with the lessors that the successful bidder at the sale could only purchase what Lazier owned, that is, a leasehold interest in the license, the Gonzalezes withdrew their motions and let the sale go *258 forward. Alireza Abbassi bought the liquor license at the Sheriff's sale for $10,000.
After the sale, counsel for the lessors was advised by the Florida Department of Business Regulation, Division of Alcoholic Beverages and Tobacco (the Division), that as far as the Division was concerned, a purchaser of an alcoholic beverage license at a Sheriff's sale is able to have the license put in his name and may convey it to a third party.[1] The lessors[2] then moved to set aside the sale asserting that they had been deprived of their reversionary interest in the property sold without an opportunity to be heard. Abbassi then moved to set aside the sale, but on the ground that he was not aware of the Gonzalezes' reversionary interest when he bought the license at the sale. The trial court set aside the sale, ordered Coney to return the proceeds to Abbassi; ordered Lazier to reimburse Abbassi for a renewal fee Abbassi had already paid to the Department of Business Regulation; and ordered the Department of Business Regulation, not a party to the suit, to return the license to the lessors.
One thing is abundantly clear. Were it Abbassi alone who sought to set aside the Sheriff's sale, he would be entitled to no relief. If the license he bought was indeed subject to the lessors' reversionary right, the lease between Lazier and the Gonzalezes was a matter of public record open to Abbassi's inspection, and his failure to acquire knowledge of the extent of Lazier's title and interest makes him subject to the doctrine of caveat emptor. Lindsley v. Phare, 115 Fla. 454, 155 So. 812 (Fla. 1934); Balding v. Fleisher, 279 So.2d 883 (Fla. 3d DCA 1973). Accord, Atod, Inc. v. Coleman, 214 So.2d 769 (Fla. 3d DCA 1968). If, on the other hand, because, as the Gonzalezes claim, the effect of the Division recognizing Abbassi's license as freely renewable and transferable without regard to any reversionary interest is to extinguish their reversionary interest, then Abbassi bought exactly what he set out to buy.
What confounds the issue is the lessors' claim. Their claim is simply that they own a reversionary interest in the license which, they contend, is not recognized by the Division; and, in turn, the Division's refusal to recognize a lessor's interest allows the person in whose name the license is held to defeat the lessor's reversionary interest.[3] We fail to see how the lessors' claim has the slightest thing to do with the propriety of the judicial sale, which was neither inadequate in price, nor tainted in any way by fraud, mistake or any other circumstance which could lead a court to set it aside. See e.g., Arlt v. Buchanan, 190 So.2d 575 (Fla. 1966); Maule Industries, Inc. v. Seminole Rock and Sand Company, 91 So.2d 307 (Fla. 1957); Crichlow v. Equitable Life Assurance Society of the United States, 131 Fla. 752, 180 So. 382 (1938); Edward A. Lashins, Inc. v. Baumann, 201 So.2d 495 (Fla. 2d DCA 1967); Subsaro v. Van Heusden, 191 So.2d 569 (Fla. 3d DCA *259 1966). Abbassi bought, and could only buy, Lazier's right, title and interest in the alcoholic beverage license. Balding v. Fleisher, supra. If the Division, for its purposes, treats Abbassi's ownership of the license as unencumbered and ignores the Gonzalezes' reversionary interest, that matter is one that must be resolved among Abbassi, the Gonzalezes, and the Division. The due process to which the Gonzalezes are surely entitled will have to come in the dispute among Abbassi, the Gonzalezes and the Division. That dispute, however, has no relevance to Coney's right to enforce his judgment against Lazier's right, title and interest to the license by an execution sale, which in all respects was properly conducted. The result of setting aside the sale on a claim such as that made by these lessors is to make a lessee's interest in an alcoholic beverage license not subject to execution and judicial sale simply because the Division does not protect a lessor's reversionary interest.[4] But a liquor license is quite clearly property of value, see House v. Cotton, 52 So.2d 340 (Fla. 1951), which, like any other non-exempt property, may be levied upon and sold to satisfy a judgment debt.
We accordingly reverse the order of the lower court and remand the cause for further proceedings consistent with this opinion.
NOTES
[1] The applicable rule, Florida Administrative Code Rule 7A-2.06(7), provides:

"Forced Sale: In the case of a foreclosure or a forced judicial sale under distress or otherwise, including sales in bankruptcy proceedings, under dissolution of partnerships and corporations, where the alcoholic beverage license is included as property sold pursuant to an order of a court of competent jurisdiction, the license involved shall be transferred to the purchaser at such sale upon proper application being made therefor with the appropriate district office of the Division of Beverage. Said application shall be accompanied by a certified copy of the court's order and confirmation of sale and shall be processed in the usual manner, except for the non-payment of the transfer fee."
[2] Apparently, the Gonzalezes' interest in the property came about as a result of their being beneficiaries under the will of Dorothy J. Brooks, deceased. After the Sheriff's sale, the First State Bank of Miami, as trustee under the will, alleged that the estate had a reversionary interest in the liquor license and moved to vacate the sale. The Bank merely supported Abbassi's position. The Bank has filed no brief on this appeal. For purposes of this opinion, we treat the Gonzalezes as the lessors.
[3] A statutory transfer to satisfy the records of the Division is not, however, the same as a transfer of property rights. Concannon v. St. John, 384 So.2d 903 (Fla. 5th DCA 1980); Wright v. Cade, 349 So.2d 833 (Fla. 1st DCA 1977). What Abbassi owns and what the Division treats him as owning are two different things.
[4] Anomalously, the Division does recognize the lien of a lender at least to the extent of permitting the lienholder who has filed the appropriate notice with the Division to protect its interest in the event of revocation or suspension proceedings against the license. § 561.65, Fla. Stat. (1979).