449 So.2d 388 (1984)
Barbara G. SANTIAGO, etc., Appellants,
v.
Edward ALLEN and Dorothy Allen, Appellees.
No. 83-996.
District Court of Appeal of Florida, Third District.
May 1, 1984.
Horton, Perse & Ginsberg and Edward Perse, Miami, Tew, Spittler, Berger & Bluestein, Coral Gables, for appellants.
Corlett, Killian, Hardeman, McIntosh & Levi and Richard J. Suarez and Leanne J. Frank, Miami, for appellees.
Before SCHWARTZ, C.J., and NESBITT and DANIEL S. PEARSON, JJ.
PER CURIAM.
We affirm the summary final judgment entered in favor of defendants, the Allens, on plaintiff's wrongful death claim because defendants, as mere owners and lessors of the property, had no legal duty to insure the safety of patrons of a lounge located on that property. The plaintiff was injured during an altercation on the premises of the Foxxy Laidy Lounge. The building housing the lounge and the land it was on were owned by the defendants herein. The lounge was owned and operated by Astral Liquors, Inc., on the property held under a lease from the defendants. The defendants had no control over, nor any right to control, the business operations of the lounge. Further, they had no financial interest in the lounge other than their right to rent monies as the owners-lessors of the building and land where the lounge was located. Under the terms of the lease, the liquor license was to be held and renewed in the name of the lessee, the "licensee." Upon expiration of the lease, the license was to revert back to the defendants. Such arrangements have been recognized by the courts and are not contrary to public policy. See Wright v. Cade, 349 So.2d 833 (Fla. 1st DCA 1977), cert. denied, 365 So.2d 716 (Fla. 1978); Concannon v. St. John, 384 So.2d 903 (Fla. 5th DCA 1980); Coney v. First State Bank of Miami, 405 So.2d 257 (Fla. 3d DCA 1981). Although the defendants are the "owners" of a reversionary interest in the liquor license, Gene Willner, sole stockholder and officer of Astral Liquors, Inc., was the "licensee" pursuant to statutory transfers of the license under section 561.32, Florida Statutes (1981). See Wright (purpose of section 561.32 is to apprise Beverage Department of the ownership and management of the business so it can be regulated). Since the beverage statutes are only applicable to licensees, the defendants were incapable of complying with or violating the statutes. Therefore, since the defendants were merely the owners-lessors of the property, were not the licensees and had no authority or duty to control the premises, they cannot be charged with any failure to insure the *389 safety of the lounge's patrons. See Robinson v. Walker, 63 Ill. App.2d 204, 211 N.E.2d 488 (1st Dist. 1965). Cf. Barton v. Lund, 563 P.2d 875 (Alaska 1977), overruled in Alesna v. LeGrue, 614 P.2d 1387 (Alaska 1980) (Barton held that liquor licensees cannot be civilly liable if they do not exercise, and have no power to control the business. Alesna held that a licensee may be civilly liable for business violation of state liquor laws, thus, overruling Barton on that point.).
The summary judgment in favor of the defendants is accordingly affirmed.