## LESLIE METAL ARTS, INC. v. MARKS, et al.

Case No. 84-20-15-SP-04

County Court, Monroe County

September 13, 1984

### APPEARANCES OF COUNSEL

**Karl Beckmeyer** for plaintiff.

**Jay Hershoff** for respondent.

### OPINION OF THE COURT

J. ALLISON DeFOOR, II, County Judge.

This cause came to be heard upon Motion of the Plaintiff to set aside the judicial sale previously had in this cause on August 9, 1984. The facts of this case are relatively simple. Plaintiff in this cause had previously prevailed against the Defendants in this cause in enforcement of a statutory lien pursuant to Florida Statute 713.60 and received a judgment in the amount of $1,923.08. This judgment was had by order of court pursuant to Final Judgment rendered on the

18th day of June, 1984 which order further provided for the public sale of property, a vessel, of the Defendants held by the Plaintiff on the court house steps in Key West, Florida. The sale was scheduled to occur on August 9, 1984 at 11:00 A.M. That was all done in accordance with Florida Statute 45.031.

The Court heard the testimony of the witnesses and the arguments of counsel, found the further facts leading to this cause to be substantially as follows.

On August 6, 1984, Plaintiff, through counsel, contacted Bob Duffy, Esquire, of Key West, Florida, and retained him to attend on their behalf the sale of the boat to be held on August 9, 1984, and he agreed to do so. On August 8, 1984 Duffy received a letter of instruction and certified checks totalling some $3,000.00 for bidding. It was testified that on August 8, 1984 some sort of power outage occurred in Key West which may have affected the various clocks which are electrically run in the city.

On August 9th occurred the heart of the facts in question. Mr. Duffy went from his law office to the court house steps in Key West to bid with the certified checks in the sale of the boat. Doubtless to his horror he discovered upon his arrival the sale had already been concluded. At the sale there had been one bidder, Mr. Tom Kavney, a realtor from Plantation Key, Florida. Although it is unclear from the testimony what Mr. Kavney was prepared to pay for the boat in question, he had quickly surmised that he was the only bidder for the vessel and had bid the princely sum of $1.00 United States currency. There being no further bids, Ms. Lydia Key of the Clerk of the Court's office in Key West, Florida, had concluded the bidding and awarded the bid to the only bidder, Kavney.

The testimony adduced at the hearing in this cause further supported the fact that Mr. Duffy protested the time of the sale asserting that his watch reflected a time of 11:00 A.M. Ms. Key went in to the Key West Clerk's office, promptly placed a phone call to the Time-of-Day service in Key West and received a recorded response that the time was at that point 11:03 A.M. Further testimony reflected that the actual value of the boat was and is over $3,000.00.

## ISSUES

The issues should be fairly apparent from the facts as outlined heretofore. On the one side Kavney as the purchaser at the judicial sale asserts there is a presumption of legitimacy and finality which must attend this sort of matter if a sale such as this is to have any meaning

at all. Indeed, although the $1.00 bid is significantly disproportionate to the value of the boat, Florida Statute 45.031(7) does provide that "the amount of the bid for property at the sale shall be conclusively presumed to be sufficient consideration for the sale". Kavney argues that if these sales are to have any meaning whatsoever they must not be set aside merely because a bidder, for whatever reason, is late. In this regard there seems to be some case law authority for Kavney's position. It is axiomatic in the law that inadequacy of price alone is not sufficient to overturn a judicial sale, *Naples Park-Vanderbilt Beach Water District v. Downing*, 244 So.2d 464, 465 (Fla. 2d DCA 1971); *Levy v. Gourmet Masters, Inc.*, 214 So.2d 82, 84 (Fla. 3d DCA 1968); *Arlt v. T.A. Buchanan*, 190 So.2d 575, 577 (Fla. 1966).

Against this Plaintiffs would assert two grounds to set aside the sale.

As a predicate to both grounds Plaintiff would assert it made a timely objection within ten (10) days to the sale as provided by Florida Statute 45.031(7) and is entitled to proceed to try and set aside the sale should it have lawful grounds.

As its first ground Plaintiff asserts that because of a scrivenor's error in the numbers in describing the boat by registration number in the advertisement run in the newspaper advertising sale, the sale must be set aside.

Next it would assert as its grounds that the sale was not attended by Mr. Duffy through excusable neglect or mistake and would cite in support as grounds setting aside the sale the case of *C. J. Vandelinder v. Albion Realty and Mortgage, Inc.*, 287 So.2d 352 (Fla. 3d DCA 1974) which is virtually indistinguishable in its facts from the case-in-chief. *Accord Subsaro v. VanHeusden*, 191 So.2d 569 (Fla. 3d DCA 1966).

## DISCUSSION AND FINDINGS OF LAW

The court begins from the point which is asserted by Mr. Kavney quite properly; that these sales are to be presumed valid; that the prices paid are to be presumed sufficient and that inadequacy of price alone is not enough to cause it to be set aside. From this starting point and these presumptions which vests in the purchaser, the court must consider the assertions of the Plaintiff.

First, the Court finds that the objections, whatever their merits, were timely filed pursuant to Florida Statute 45.031(7). With regard to the insufficient description as asserted by Plaintiff, the Court notes that the description was sufficient to bring both Plaintiff and Kavney to at least the approximate time and place of the sale for the purpose of bidding

for the vessel in question. Accordingly the court is not persuaded by Plaintiff's argument in this regard.

The Court considers for guidance the principles of law as contained in the *Vandelinder* case, that insufficiency of consideration is not sufficient standing alone to the ground for setting aside a judicial sale that where the inadequacy is gross and there is resulting injustice, which results from a mistake, accident, surprise, fraud, misconduct or irregularity, on the part of either the purchaser or other person connected with the sale, the court will act to prevent the wrong result.

The Court is persuaded, based on a long line of Florida law, *Lawyers Co-operative Publishing Company v. Bennett,* 34 Fla. 302 16 So. 185 (Fla. 1894); *City of Sanford v. Ashton,* 131 Fla. 754, 179 So. 765 (Fla. 1938); *Eristavi-Tchitcherin v. Miami Beach Federal Savings and Loan Association,* 54 Fla. 100, 16 So.2d 730 (Fla. 1944); *Arlt v. Buchanan,* 190 So.2d 575 (Fla. 1966), that it is within the discretion of the court to set aside a judgment such as this where there is (a) gross inadequacy of consideration, (b) which resulted from mistake, accident, surprise, fraud, misconduct or irregularity on the part of someone connected with the sale, and (c) there is a resulting injustice to the complaining party.

In looking to the facts of this case, there is no doubt that a $1.00 bid is grossly inadequate to the value of a $3,000.00 vessel and accordingly the first prerequisite is met.

Considering the facts of this case further, there is no doubt that the tardiness of the attorney in question is the result of mistake or accident or other improvident and undeliberate error. Indeed the magnitude of the error, at most three minutes, may not be sufficiently perceived by a mainland resident reading this opinion who does not understand the casualness of the lifestyle in the Florida Keys. A three-minute error would not be much of an error in Miami, but it constitutes virtual promptness on an island such as Key West, where it is not customary to leave for anything including until recently the airport, until the time that you were due to be there.

Next, and against this background, the Court must consider finally the equities involved. However casual the lifestyle on the Keys and however excusable, ultimately if the bid went off on time and the consideration was adequate, it would not be set aside. Even in light of the gross inadequacy of consideration and mistake, the Court is not empowered to exercise its discretion unless injustice would result. Fundamentally, absent injustice, there are no policy considerations to support a setting aside of the sale.

On the one hand we have the sanctity of these sales which Mr. Kavney seeks to defend so righteously. If this sale is set aside he will be denied the sum of approximately $2,999.00 in the form of the amount to which the value of the vessel exceeds the purchase price. On the other side, if this sale is allowed to stand the Plaintiff as the lien holder will have received $1.00 towards that statutory lien of $1,923.08 still in the hole. Further, the Defendants, Marks and Kobrin, will remain potentially indebted by deficiency for the sum which Plaintiff is still owed. Equally exposed, it would seem, is the attorney who was tardy to the sale.

In considering all these factors, the Court is persuaded that to uphold the sale would cause substantial hardship and injustice to numerous parties while only vindicating legal "gotchaism". Fundamentally Mr. Kavney has found himself in the enviable position of "gotcha". These are not favored in the law, particularly in the face of injustice.

To set aside the sale and allow it to be reheld will do nothing more or less than allow Mr. Kavney to do that which he presumably originally intended to do on the day in question; to bid fairly and in competition for the vessel in question.

ORDERED and adjudged as follows:

1. Plaintiff's Objection to Sale and Motion to Set Aside Clerks' Sale and for other relief be and the same is hereby granted. The certificate of sale given to Mr. Thomas Kavney be and the same is hereby cancelled and set aside.

2. An amended judgment will be entered to this cause setting a new sale date.

3. The Clerk of this Court is directed to prepare and publish an accurate Notice of Sale at which all parties will be given an opportunity to appear and bid.