FRANK, Judge.
In these consolidated appeals, Montez Howard seeks review of that aspect of a final judgment denying her claim for specific performance against James F. Metcalf and Alta Mae Metcalf. Irene W. Kinard also appeals from that same judgment, asserting three errors committed by the trial court. We dispose of all issues presented *45 by Howard and Kinard. The critical events essential to our resolution of this matter are set forth below.
On November 8, 1979, Howard agreed to purchase a liquor license from Kinard for $42,500.00. In furtherance of the agreement, Howard gave Kinard a $1,000.00 deposit. Shortly thereafter, Kinard and Howard, acting through their respective agents, met at the office of the Florida State Division of Alcoholic Beverages and Tobacco to effect the transfer of Kinard’s license to Howard. The Division, however, refused to convey the license to Howard because another person, Bobby Walker, claimed an interest in it and had obtained a temporary restraining order, ancillary to a foreclosure proceeding, prohibiting its sale, transfer or assignment.
Approximately one year following the entry of the temporary restraining order, the Walker litigation terminated and the restraining order was dissolved. Thereafter, Kinard negotiated with James E. and Alta Mae Metcalf and eventually sold the liquor license to them for $45,000.00. The Met-calfs paid Kinard $13,000.00 and gave Ki-nard a promissory note and mortgage for the balance of the purchase price. Kinard, believing she no longer owed an obligation to Howard, never notified the Metcalfs of her agreement with Howard. At some point following Kinard’s entry into the contract with the Metcalfs, Howard unsuccessfully demanded performance of her contract with Kinard. Howard sued both Ki-nard and the Metcalfs alleging, respectively, the breach of and a tortious interference with her contract with Kinard; she sought damages against Kinard and both damages and equitable relief against the Metcalfs. After a non-jury trial, the trial court found that Kinard breached the agreement with Howard and entered a final judgment awarding Howard the return of her $1,000.00 deposit and damages in the amount of $20,500.00, that sum representing the difference between the price Howard had agreed to pay and the value of a similar liquor license. Howard failed in the action against the Metcalfs.
We turn first to Howard’s contention that the trial court should have required the Metcalfs to transfer the liquor license to her. It is generally true that specific performance is appropriate to remedy a conveyance to a third party purchaser where the third party is aware of a prior contract to sell to another. Hallmark Builders v. Hickory Lakes of Brandon, 458 So.2d 45, 46 (Fla.2d DCA 1984). In the instant matter, however, the Metcalfs were ignorant of Howard’s agreement with Ki-nard at the time they entered into their contract to purchase the license from Ki-nard. It was only after the Metcalfs completed their arrangement with Kinard that they learned of Howard’s claim to the license. Although Howard urges that her interest in the license became paramount to the Metcalfs’ at the moment the Division transferred the license to the Metcalfs, we deem that factor meaningless in assessing the competing positions of Howard and the Metcalfs. Howard would have us conclude that the Kinard/Metcalf contract was not consummated until the Division transferred the license and because the transfer was completed at a time when the Metcalfs knew of the Kinard/Howard contract, the Metcalfs were not bona fide purchasers. We cannot agree. The Division’s transfer of a liquor license, a function it is obligated to fulfill under section 561.32, Florida Statutes (1985), neither transfers property rights nor vests title in the purchaser of the license. Concannon v. St. John, 384 So.2d 903 (Fla. 5th DCA 1980); Wright v. Cade, 349 So.2d 833 (Fla. 1st DCA 1977). Such transfer serves only to maintain record continuity in the ownership and management of a liquor business in order that it may be regulated pursuant to Chapter 561. See Santiago v. Allen, 449 So.2d 388 (Fla.3d DCA 1984). The trial court properly refused to grant Howard equitable relief by compelling the Metcalfs to convey the license to her.
Kinard, in her appeal, urges us to accept the notion that the performance of her contract with Howard was impossible because of the injunction procured by *46 Walker. It is true that the temporary injunction effectively precluded administrative transfer of the license to Howard, but it had no bearing upon the validity of the agreement between Kinard and Howard. Kinard’s second point, not supported in her brief with record references in spite of the requirement of Rule 9.210(b)(3) of the Florida Rules of Appellate Procedure, is that Howard failed to mitigate her damages by declining an offer from the Metcalfs to sell her the liquor license for $45,000.00. We find the point meritless.
In contrast to the foregoing issues, however, Kinard’s remaining challenge attacking the trial court’s award to Howard of damages based upon a “benefit of the bargain” standard is meritorious. We are persuaded that the remedial principle associated with the breach of a contract to purchase land, when such breach is not tainted by bad faith, is equally applicable to the present matter. Thus, where a contract to purchase land is breached without evidence of bad faith, damages are limited to the money paid by the purchaser together with interest. Bosso v. Neuner, 426 So.2d 1209 (Fla. 4th DCA 1983). On the other hand, where bad faith does infect the breach, the purchaser’s damages may be measured by the benefit of the bargain, i.e. the difference in value between the price the purchaser had agreed to pay and the value of the property at the scheduled time of closing. Id.; Depp v. Runyan, 468 So.2d 486 (Fla.2d DCA 1985); VanDerNoord v. Katz, 481 So.2d 1228 (Fla. 5th DCA 1985). Here, unlike Bosso, the complaint neither seeks nor specifically refers to damages measured by the benefit of the bargain. Moreover, to be entitled to that kind of award, Howard would have had to plead facts sufficient to disclose that Ki-nard’s breach of the agreement was motivated by a sinister design equating with a fraudulent purpose. See Vogel v. Vandiver, 373 So.2d 366 (Fla.2d DCA 1979). It is our view that the element of bad faith, essential to the recovery of benefit of bargain damages, must be pleaded with specificity and particularity as is the case where enhanced damages are sought upon a claim of fraud. See Daugharty v. Daugharty, 456 So.2d 1271 (Fla. 1st DCA 1984). Howard not only failed in her pleading but our review of the record discloses that Howard’s proof falls short of demonstrating Kinard’s bad faith. We are unable to sustain the amount awarded to Howard in the judgment.
Accordingly, we affirm the final judgment, reverse and vacate the award to Howard and remand for the entry of an order requiring the return to Howard of $1,000.00 plus interest.
CAMPBELL, A.C.J., and HALL, J., concur.