PER CURIAM.
In considering objections to a- foreclosure sale the “ ‘chancellor has a large discretion which will only be interfered with by the appellate court in a clear case of injustice.’ ” Crichlow v. Equitable Life Assurance Soc’y, 131 Fla. 752, 756, 180 So. 382, 384 (1938); accord Maule Indus. v. Seminole Rock & Sand Co., 91 So.2d 307, 311 (Fla.1956). Although appellants complain of the procedures followed at the foreclosure sale, such confusion as may have existed was the proximate result of a chain of events set in motion by appellants themselves. They will not now be heard to complain. See Malkus v. Gaines, 476 So. 2d 220, 222 (Fla. 3d DCA 1985) (“the equity court should not lend its extraordinary powers to benefit one ... who has ‘unclean hands’ ”). On this record, the trial court did not abuse its discretion in overruling appellants’ objections to the foreclosure sale.
Affirmed.