NIMMONS, Judge.
We reverse the final summary judgment entered in favor of the defendant/appellee Bramalea Centers, Inc., the owner of the premises on which a shopping mall known as “Gateway Center” is situated. The plaintiffs/appellants sought to recover against Bramalea for personal injuries sustained by Gadis Jones, a five-year-old kindergarten student, when a Himalayan bear which was a part of a performing live bear act (“Goldi-locks and the Bears”) attacked Gadis inside the mall, inflicting serious in *299 jury.[1]
Pivotal to the trial court’s granting summary judgment in favor of Bramalea was the court’s conclusion that Bramalea neither controlled nor had the right to control the actions of the Naghtins (the owners/operators of the live bear act) and that Dolly Sedwick, the mail’s marketing director, was acting only for the merchants’ association and not Bramalea in bringing the bear act to the mall and in promoting the act and soliciting the public’s attendance.
However, from the evidence presently in the record, it is clear that there is a genuine issue of material fact as to whether Sedwick was acting as an agent for Brama-lea in contracting for the bear performance at the mall and in the promotion of the performances. Although not without some contradiction and inconsistency, Sedwick testified that she was employed by Brama-lea as “marketing director,” that her responsibilities included advertising for the entire mall in order to develop traffic for the mall, that she was responsible for the news releases and advertisements pertaining to the subject live bear performances at the mall, including solicitations to groups such as day-care, schools, and church groups, and that she was responsible for “getting the show in and being sure that it was set up.” The bear act was set up just west of “center court” inside the enclosed mall.
The appealed order also recites that the regulatory provisions of Sections 372.921 and 372.922, Florida Statutes, (1987), apply only to owners of wildlife. Even if that were the case — which we need not decide— the appellants’ theory of negligence against Bramalea is not dependent upon the applicability of the above statutory provisions. Moreover, we would also note that appellants’ strict liability count was asserted only against the Naghtins as “possessor and/or owner of a wild animal.” No such theory was asserted against Bramalea.
The appealed order also relied in- part upon Santiago v. Allen, 449 So.2d 388 (Fla. 3rd DCA 1984). Such reliance is misplaced. There, the Third District affirmed a summary judgment in favor of the defendants on plaintiff’s wrongful death action because the “defendants, as mere owners and lessors of the property, had no legal duty to insure the safety of patrons of a lounge located on that property.” Unlike the owners/lessors in Santiago, there is evidence in the instant case, as previously mentioned, that Bramalea was actively involved in the mall enterprise, including the promotion of activities such as wild animal shows on the mall premises.
We do not reach the issue regarding the validity of that count in the complaint asserting an action based upon “intentional infliction of emotional distress.” That issue may well never need to be decided by this court, depending upon the further proceedings in the trial court.
REVERSED and REMANDED for further proceedings consistent with this opinion.
BOOTH and THOMPSON, JJ., concur.

. The plaintiffs’ complaint had also joined as defendants the owners and operators of the bear act, the Gateway Center’s merchants’ association, and the kindergarten/day-care facility in which Gadis was enrolled and which took a group of students (including Gadis) to Gateway for the live bear act. Summary judgment was not entered in favor of any of these other defendants and the case remains pending in the lower court as to those parties.